Deborah Lynn DEANGELIS and Douglas Robert Deangelis, her husband, Plaintiffs Below, Appellants,

v.

Amy E. HARRISON, Linda B. Harrison, W.R. Harrison, Jr., Defendants Below, Appellees.

Supreme Court of Delaware.

Submitted: April 20, 1993.
Decided: July 28, 1993.

Olha N.M. Rybakoff, Connolly, Bove, Lodge & Hutz, Wilmington, for appellants.

Colin M. Shalk, Casarino, Christman & Shalk, Wilmington, for appellees.

Before MOORE, WALSH and HOLLAND, JJ.

WALSH, Justice:

In this appeal from the Superior Court, the appellants contend that the trial court erred in refusing to grant a new trial in view of the inadequacy of the award of damages and allegedly improper comments of counsel. We conclude that the comments of defendants' counsel in closing argument before the jury were clearly improper and it was error for the trial court to refuse to provide a curative instruction. Accordingly, we reverse.

## I

The Superior Court action involved a claim for personal injuries resulting from an automobile accident. The plaintiff-appellant,[1] Deborah Lynn DeAngelis ("plaintiff"), was a passenger in a vehicle driven by her brother-in-law when struck by a vehicle operated by the defendant-appellee, Amy Harrison. After the accident, plaintiff complained of pain in her shoulder and neck. She remained in bed for a few days and consulted her family physician who recommended medication and physical therapy. She later consulted a second physician who treated her over the course of several months. She claimed that as a result of her injuries she was unable to pursue her intended career as a masseuse and cosmetologist.

When this matter proceeded to trial, more than three years after the accident, the defendants admitted liability and pre-

---

1. Mrs. DeAngelis' husband, Douglas, was a co-plaintiff in the Superior Court seeking recovery for loss of consortium. Unless the context otherwise indicates, all references to "plaintiff" shall be limited to Mrs. DeAngelis.

sented no witnesses. The plaintiff and her husband testified concerning the physical limitations caused by her neck and shoulder problems and plaintiff recounted her employment loss. Plaintiff's treating physician, Dr. Depfer, described his treatment and opined that plaintiff had suffered a permanent injury to her right trapezius, which, while not serious, would limit the lifting of heavy objects and prevent employment as a masseuse. An economist testified that plaintiff's inability to pursue a career as a masseuse could result in an annual wage loss of at least $20,000 per year over plaintiff's work-life expectancy.

After deliberation, a jury awarded plaintiff $3,000 in damages and declined to award any damages for plaintiff's husband's loss of consortium claim. Plaintiff moved for a new trial, or alternatively, for an additur claiming improper comment by defendants' counsel in jury summation and inadequacy of the verdict as a matter of law. The trial judge refused to disturb the jury verdict, ruling that the jury's award was not unreasonable given the highly subjective nature of plaintiff's claim. The trial judge found no impropriety in counsel's remarks.

## II

Although plaintiff contends that the jury verdict was grossly inadequate and against the great weight of the evidence, it is unnecessary to address that claim directly since we conclude that certain statements made by defendants' counsel during jury summation were clearly improper and require the granting of a new trial.

As noted, the defendants admitted liability prior to trial and, thus, the sole issue presented for jury determination was the extent of plaintiff's injuries attributable to the accident. Defendants presented no witnesses in support of their contention that damages were minimal but relied primarily on testimony elicited through cross-examination of plaintiff and her physician. The general theme of the defense was that the plaintiff was exaggerating her injuries and inflating the damages claim. Defense counsel argued to the jury that plaintiff's claim was exaggerated and made the following statement:

I then spent time listening today, spent time listening to an economist project future wage loss of $707,000. Well, God bless America. Now, [plaintiff's counsel] tells you, well, that is not what he really meant to say. When I gave you that shocking or, as she phrased it, obscene figure in the opening statement that was a figure apparently that I made up. And Dr. Latham wasn't going to say that, Well, ladies and gentlemen of the jury, didn't he? Didn't he project $707,000 wage loss? I'm going to come back to that in a second.

Judge Latchum of the Federal District Court—if you head out this door and go south, you'll run across the United States District Court—in a case called Belardinelli versus Carroll, a case issued within the last year, made a reference to just this kind of case when he said that a personal injury action is not like winning a lottery ticket. Ladies and gentlemen of the jury, that is what this case is about. It's about winning a lottery ticket.

Plaintiff's counsel did not make a contemporaneous objection to these remarks. However, after jury summations had been concluded, plaintiff's counsel requested the trial judge to instruct the jury to disregard the "lottery" reference because it was "unfair." Counsel further stated: "The jury doesn't know how we litigate cases and how we read quotes. This wasn't even law that was being quoted. It was dialogue and opinion, and it was a little tidbit that [defense counsel] read to them that may give them the impression, the wrong impression, about the case, and he was referring to the term 'lottery' and the like." The trial judge declined to give a specific instruction, noting that the comments of counsel were simply argument and the standard instruction to the jury not to treat the arguments of counsel as evidence would suffice.

## III

The standard for review of a decision of a trial court refusing the grant of a

new trial based on improper comment of counsel is abuse of discretion. *Shively v. Klein*, Del.Supr., 551 A.2d 41, 44 (1988). To establish abuse of discretion the appellants must show that the improper comment was "significantly prejudicial so as to deny them a fair trial." *Id.* (citing *Eustice v. Rupert*, Del.Supr., 460 A.2d 507, 510 (1983)). We are satisfied that comments of defendants' counsel, when viewed in the context of the jury's task in this case, were clearly objectionable and the failure to provide a specific cautionary instruction created sufficient prejudice to require the granting of a new trial. The failure to grant such relief in this case was an abuse of discretion.

■ The problem of improper comments by counsel in jury summation is a recurring one. In the context of criminal trials, this Court has repeatedly cautioned against attempts by both prosecutors and defense counsel to direct the jury from its task of individualized and unbiased determination of guilt or innocence. *Black v. State*, Del. Supr., 616 A.2d 320 (1992); *Brokenbrough v. State*, Del.Supr., 522 A.2d 851 (1987); *Hughes v. State*, Del.Supr., 437 A.2d 559 (1981). In the civil arena, counsel are similarly restricted. Any effort to mislead the jury or appeal to its bias or prejudice is inappropriate and, where objection is made, the trial court is obliged to act firmly with curative instructions even where no objection is forthcoming until after summations. *Massey–Ferguson, Inc. v. Wells*, Del.Supr., 421 A.2d 1320, 1324 (1980).

■ Although recognizing that counsel are permitted a certain flexibility in presenting zealous jury argument, this Court has placed limits on such advocacy. We have ruled that it is improper for counsel to make a factual statement which is not supported by evidence, *Henne v. Balick*, 51 Del. 369, 146 A.2d 394, 398 (1958); to comment on the legitimacy of a client's claim or defense, *Robelen Piano Co. v. DiFonzo*, 53 Del. 346, 169 A.2d 240, 248–249 (1961); to mention that the defendant is insured, *Chavin v. Cope*, Del.Supr., 243 A.2d 694, 696–697 (1968); to suggest to the jury that it place themselves in the plaintiff's position

(the "golden rule" argument), *Delaware Olds v. Dixon*, Del.Supr., 367 A.2d 178, 179 (1976); to comment on a witness' credibility based on personal knowledge or evidence not in the record, *Joseph v. Monroe*, Del. Supr., 419 A.2d 927, 930 (1980); to vouch for a client's credibility, *Jardel Co., Inc. v. Hughes*, Del.Supr., 523 A.2d 518, 532–33 (1987); or to make an erroneous statement of law. *Shively v. Klein*, 551 A.2d at 44–45.

■ In Delaware, counsel do not address the jury without knowledge of the law which will control the jury's deliberations. That law is supplied by the judge through instructions. It is the practice in this jurisdiction for the trial judge to confer with counsel on the proposed jury instructions prior to summation and, thus, counsel are generally aware of the substance of the instructions which will follow. Although counsel, in the course of summations, are permitted to refer to the law which the court will propound, this right is subject to limitations. Those limitations are pertinent here.

Just as it is improper for counsel to misstate the law, *Shively v. Klein*, 551 A.2d at 44–45, so too is it objectionable for counsel to state inapplicable law. This is simply a corollary of the rule that "evidence which is not relevant is not admissible." Delaware Uniform Rules of Evidence Rule 402. To attempt to present to the jury decisions or rulings of law in cases other than the one under consideration not only permits consideration of irrelevant evidence but serves as well to confuse the jury. The comments of counsel in this case violated these restrictions in at least three important respects. First, referring approvingly to a comment made by another judge in another case distracts the jury's focus from the instructions to be given in the present case. Since the trial judge in this case did not, and could not, use the lottery metaphor in the jury instructions, any such reference as the law of the case is materially misleading. *Del. Const.*, Art. IV, § 19. Second, it is improper to identify any legal authority, other than the trial judge, and to suggest that the comments of

a Federal judge are entitled to special deference. Finally, the lottery reference attributed to Judge Latchum was not part of a jury instruction but a quotation from an opinion of the Third Circuit Court of Appeals dealing with review of excessive jury verdicts. *See Gumbs v. Pueblo Int'l, Inc.,* 3rd Cir., 823 F.2d 768, 771 (1987).

We conclude that it was improper for counsel to relate or to comment upon the facts of another proceeding, or to relate and to discuss the holding of another case with the purpose of influencing the jury's verdict in the case before it. Where, as here, counsel seeks to divert the jury from the immediate task of evaluating the claim of a party seeking an award of damages by invoking the critical comments of another judge in a different proceeding, there is a serious risk of jury confusion and prejudice. Such conduct militates against the "prudent, disinterested evaluation of the evidence" which "our system demands of jurors." *Delaware Olds, Inc. v. Dixon,* 367 A.2d at 179.

The contention of defendants' counsel that he correctly quoted Judge Latchum's comments misses the point. Irrelevant and misleading comments in jury summations are not judged on the basis of truth or falsity, *per se,* but whether they distract the jury from the task at hand—the individualized determination of the factual merit of a specific claim. The purpose of an award of damages in a tort action is just and full compensation, with the focus on the plaintiff's injury and loss. *Jardel Co., Inc. v. Hughes,* Del.Supr., 523 A.2d 518 (1987). Generalized statements comparing a claim for personal injuries to a game of chance have no place in that process whether or not such remarks originate with judges.

In denying plaintiff's motion for a new trial, the Superior Court found that the objected to remarks of counsel were not improper and ruled that it had given the jury the standard instruction to the effect that the arguments of counsel are not evidence. The objectionable aspect of counsel's comments in this case is not simply that it attempted to convert argument into evidence. The argument was itself misleading and improper to the extent it attempted to present to the jury, in indirect fashion, judicial commentary on the sole question the jury was called upon to decide—the award of damages where liability was conceded.

■ Since the Superior Court found no impropriety in the comment, it did not attempt to assess the prejudicial effect of such comment or the mitigating effect of any cautionary instruction. In gauging the effect of counsel's improper comment, we apply the test adopted by this Court in *Hughes v. State,* 437 A.2d 559, 571: (1) the closeness of the case, (2) the centrality of the issue affected by the error, and (3) the steps taken in mitigation. Although the *Hughes* standard was applied in the context of a criminal proceeding, it finds ready application in the civil arena as well. Given the highly subjective nature of plaintiff's personal injury claim and defense counsel's efforts to depict that claim as exaggerated, we find the lottery reference and its judicial attribution disparaging of plaintiff's claim and clearly prejudicial. In the absence of an immediate cautionary instruction, the refusal to grant a new trial must be deemed an abuse of discretion.

■ Although the comments of defense counsel were addressed to the plaintiff's claim for damages, the jury awarded no damages to the plaintiff's husband for lack of consortium. Because the husband's claim is solely derivative to that of the wife, *Jones v. Elliott,* Del.Supr., 551 A.2d 62 (1988), and because we cannot state with confidence that the comments under review did not prejudice the jury's assessment of husband's claim as well, any grant of a new trial should include the consortium claim.

The judgment of the Superior Court is REVERSED and this matter is REMANDED for grant of a new trial on the issue of damages.