Rosetta DAVIS, Plaintiff Below, Appellant,

v.

Franz MAUTE, Defendant Below, Appellee.

No. 307, 2000.

Supreme Court of Delaware.

Submitted: March 13, 2001.

Decided: March 30, 2001.

Bartholomew J. Dalton (argued), and Laura J. Kominkiewicz, of Dalton & Associates, P.A., Wilmington, Delaware, for Appellant.

David L. Baumberger, of Chrissinger & Baumberger, Wilmington, Delaware, for Appellee.

Before VEASEY, Chief Justice, HOLLAND and STEELE, Justices.

VEASEY, Chief Justice.

This personal injury case requires us to address the question of the limitations on defense counsel's argument and the admissibility of photographs of a vehicle, both of which are impliedly advanced, without expert testimony, to minimize personal injury damages because damage to the vehicle was minor. In his opening statement and in summation, counsel for the defendant suggested that the plaintiff's subjective complaints about serious personal injuries lacked credibility because the injuries were allegedly the product of a minor automobile accident referred to by counsel as a "fender-bender." The defendant also offered in evidence photographs of the apparently light damage to the plaintiff's car, and the photographs were admitted by the trial court. There was no expert testimony linking the contention of slight property damage to a contention tending to minimize the plaintiff's physical injuries.

We hold that, in general, counsel may not argue that there is a correlation between the extent of the damage to the automobiles in an accident and the extent of the occupants' personal injuries caused by the accident in the absence of expert testimony on the issue. Although counsel in the present case made this argument by implication rather than directly, we conclude that the argument was improper. We also conclude that it was error to admit the photographs of the plaintiff's car without a specific instruction limiting the jury's use of the photographs. Because the trial court failed to provide a curative instruction to mitigate the effects of the defendant's improper argument, the trial court abused its discretion and a new trial on damages is required.

### Facts

On August 27, 1997, a car driven by Franz Maute ran a red light and collided with the rear passenger side of a car driven by Rosetta Davis. Davis asserts that she sustained serious personal injuries as a result of the accident. Maute conceded that he was liable for the accident, but the parties could not agree on the extent to which the accident caused Davis' asserted personal injuries. The parties therefore decided to submit the damage issue to a jury.

At the trial on damages, Davis presented expert medical testimony that the collision caused Davis to twist suddenly to her right and that this motion caused permanent injuries to the soft tissue (that is, the muscles and connective tissue) in her back, neck, and ribs. Davis also presented lay and expert testimony indicating that the

pain caused by these injuries impedes many of her daily activities. In response, Maute presented expert testimony that, although Davis has permanent soft-tissue injuries, the injuries are not serious and some of her symptoms are the result of a pre-existing arthritic condition.

At the conclusion of the trial, the jury returned an award of $8,766 to Davis, including $6,207 in stipulated medical expenses. Concerned that the jury did not adequately account for the permanency of Davis' injuries, the trial court granted Davis' motion for *additur* and awarded Davis a total of $12,000, subject to Maute's consent.[1]

### *Improper Argument by Defense Counsel*

Davis' appeal concerns (1) the propriety of several remarks made by Maute's counsel during the course of the trial on damages and (2) the admissibility of photographs depicting the extent of the damage to Davis' car. Before trial, the Superior Court had granted Davis' motion *in limine* and restricted references to the severity of the damage to Davis' automobile. In his opening remarks to the jury, Maute's counsel stated:

> So that's essentially the nut of this case, and what is fair, what is reasonable under the circumstances, that's what we're going to ask you to do, we're going to ask you to listen to the evidence, even though we're not contesting liability, we're not contesting that Mr. Maute was involved in this accident—this was a fender/bender.

If you had been at the corner of Memorial Drive and Route 13 on that day you would have seen what is essentially a fender/bender.

There was, as Mr. Dalton said, his car struck the very back edge of the plaintiff's car, on the bumper.

Everybody got out of their car. Mr. Maute said, is everybody okay? The police came. No mention of an injury in the police report. No mention of an injury at the scene. Everybody was fine; everybody went on their way. Imagine his surprise, two years later, when all of a sudden he receives a lawsuit.[2]

During the cross-examination of Davis, the trial court allowed Maute to introduce photographs of the apparent minimal damage to Davis' car. The trial court held that the photographs were relevant and admissible to show "the facts of the event" but that Maute was not permitted to use the photographs to argue that the accident could not have caused serious personal injury to Davis. The record also suggests that, during the latter portion of his cross-examination of Davis, Maute's counsel held up one of the photographs to the jury.

Finally, during his summation, Maute's counsel argued:

> We didn't hear of any injury or accidents that she sustained in April of 1997 that caused that back pain, so the question you have to ask yourself is, what caused that? Where is that coming from? What was the underlying reason that suddenly, she is complaining of leg

---

1. *See Davis v. Maute,* Del.Super., C.A. No. 99C–02–030 (May 31, 2000) (ORDER).

2. Davis' counsel then objected to counsel's characterization of the accident as a "fender-bender," arguing that Maute's counsel had violated the court's ruling *in limine* by "trying to equate the amount of damage to the car to the amount of injury to the person." The trial court concluded that any prejudice would be neutralized by a general instruction at the end of the trial directing the jury to reach its verdict based solely on the evidence admitted during the trial.

pain, back pain? With, could it be that arthritis? I'm not a doctor. I can't tell you. That is a decision that you will have to make based on the evidence and the inference that you saw. But the question, really, is[:] Are all of the pains that she complains to have now, is everything related to this automobile accident to that fender/bender, as I have called it? Is that all it is? Or are there other things [at] work, and if so, then as [the] Judge said, that's separate that's not part of this case.

### Unsubstantiated Correlation Between Damages and Injuries

Davis contends that, where liability is conceded and the sole issue is the extent of the plaintiff's personal injuries attributable to the accident, a defendant may not describe or characterize the magnitude of the damage to the victim's automobile unless the defendant can produce expert testimony linking the magnitude of the automobile damage to the plaintiff's personal injuries. As a corollary to this rule, Davis also contends that a defendant may not introduce evidence of the damage to the plaintiff's car unless the evidence is relevant for

some purpose other than supporting this improper inference. We address, in turn, each of Davis' contentions.

As a general rule, a party in a personal injury case may not directly argue that the seriousness of personal injuries from a car accident correlates to the extent of the damage to the cars, unless the party can produce competent expert testimony on the issue.[3] Absent such expert testimony, any inference by the jury that minimal damage to the plaintiff's car translates into minimal personal injuries to the plaintiff would necessarily amount to unguided speculation.[4] Since Maute presented no expert testimony on this issue, the trial court properly prohibited Maute from making this argument directly.[5]

### Propriety of Defense Counsel's Remarks

Counsel may not argue by implication what counsel may not argue directly. Applying this principle to the present case, defense counsel's characterization of the accident as a "fender-bender" was improper. By playing down the seriousness of the accident, Maute's counsel unmistak-

---

**3.** If a party intends to make an argument involving an issue that is "within the knowledge of experts only and not within the common knowledge of laymen," the party must present competent expert testimony to support that argument. *Mazda Motor Corp. v. Lindahl*, Del.Supr., 706 A.2d 526, 533 (1998); *see also Money v. Manville Corp. Asbestos Disease Compensation Trust Fund*, Del. Supr., 596 A.2d 1372, 1375 (1991) ("[Expert testimony is required where] [a] reasoned decision on the question of proximate cause may require understanding and analysis of issues beyond the ken of the typical jury."). To be "competent," the expert testimony must be reliable in the circumstances of the case. *See Bell Sports, Inc. v. Yarusso*, Del.Supr., 759 A.2d 582, 588 (2000) (applying the case-by-case reliability analysis developed in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579,

113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)); *see also* D.R.E. 702 (providing that a witness may provide expert opinions if "qualified as an expert by knowledge, skill, experience, training or education").

**4.** Of course, the same rule would prohibit the argument or suggestion that a plaintiff's injuries are serious because the accident caused severe damage to the plaintiff's car, absent expert testimony on the linkage.

**5.** Specifically, the trial court held that, because none of the medical experts expressed an opinion on this subject, defense counsel was "not permitted to say—Well, you couldn't get a bad injury from this type of an accident."

ably suggested—without support in expert testimony—that the accident could not have caused serious personal injury to Davis.[6]

■ Upon Davis' pre-trial motion *in limine* to prohibit such improper arguments or characterizations, the trial court was required to issue a definitive ruling that marked out clear boundaries for counsels' opening statements and closing arguments. Similarly, when faced with a violation of this ruling at trial, the court was required to strike the offending comments from the record and to instruct the jury that there is no relationship between the magnitude of the damage to Davis' car and the extent of Davis' personal injuries attributable to the accident.[7] The trial court's decision to deny a requested remedy for an improper argument by counsel will not be disturbed on appeal absent an abuse of discretion.[8] Under the facts of this case, the court's failure to provide a cautionary instruction after defense counsel's repeated characterization of the accident as a "fender-bender" constituted an abuse of discretion.

### Admission of the Photographs of Davis' Car

■ The admission of photographs depicting the extent of the damage to Davis' car presents the same concerns as counsel's improper remarks. Maute argues that the photographs of the minimal damage to Davis' car are admissible because they support a commonsense inference that Davis' subjective complaints are not credible. This inference is not permissible because it is not meaningfully different from the minimal damage/minimal injury inference that we have already found improper in these circumstances.[9]

■ Of course, even where the sole issue at trial is damages, photographs of the plaintiff's car could conceivably serve some valid purpose other than supporting the minimal damage/minimal injury inference. As a consequence, photographs of the plaintiff's car are not per se inadmissible. Instead, the admissibility of the photographs must turn on whether the risk that the jury will draw an improper inference from the photographs "substantially outweighs" the probative value of the photographs under D.R.E. 403.[10]

6. For example, during opening statements, Maute's counsel characterized the accident as a fender-bender while asking the jury to award "what is fair, what is reasonable under the circumstances." This remark suggests that a "fair" award for a "fender-bender" would be relatively low. Similarly, in closing arguments, Maute's counsel referred to the accident as a fender-bender as part of his argument that some of Davis' complaints are the result of a pre-existing condition rather than a product of the accident. Once again, this argument suggests that the pre-existing condition is more likely to have caused Davis' injuries than a minor accident.

7. *See DeAngelis v. Harrison*, Del.Supr., 628 A.2d 77, 80 (1993) ("Any effort to mislead the jury or appeal to its bias or prejudice is inappropriate and, where objection is made, the trial court is obliged to act firmly with curative instructions . . . .").

8. *See id.* at 80 (request for a new trial); *Jardel Co., Inc. v. Hughes*, Del.Supr., 523 A.2d 518, 533 (1987) (request for an immediate cautionary instruction).

9. Although jurors may generally use their common sense in reaching a verdict, they may not make unguided empirical assumptions on issues that are outside the common knowledge of laymen. *See Lindahl*, 706 A.2d at 533.

10. D.R.E. 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence."

■ The trial court evidently agreed with this analysis and admitted the photographs (over Davis' objection) on the following basis:

[The photographs are] relevant because the testimony is that she turned to the right and there is—I presume the photographs are going to show the damage to the right rear. That's all part of the case. But, but you are limited in what you can say about it, other than this is the photograph of the accident. If you try to draw any inference from that, then it would be inappropriate, and outside of the evidence.

The trial court did not, however, issue a limiting instruction when the photographs were admitted. Instead, in charging the jury at the end of the trial, the court issued the standard instruction that the jury's "verdict must be based solely on the evidence in the case." This is not a meaningful limiting instruction in this context.

Preliminarily, we note that the parties agreed on the nature and the location of the damage to Davis' car, and the only issue at trial was the extent of Davis' personal injuries proximately caused by the accident. As a result, we can discern no relevancy to the photographs other than to suggest that Davis could not have sustained serious injuries from an apparently minor accident, and this inference is impermissible. Even assuming that the photographs are relevant to some material issue and are admissible under D.R.E. 403, the trial court was required to provide an explicit instruction limiting the jury's use of the photographs. Specifically, the court should have immediately instructed the jury that there is no evidence of a correlation between the damage shown in the photographs and the severity of Davis' personal injuries. The court's failure to provide this instruction was reversible error.

### *Appropriateness of a New Trial*

■ Having concluded that the trial court was required to issue specific limiting instructions concerning defense counsel's improper comments and the admission of the photographs, we must next determine whether the trial court abused its discretion by refusing to grant Davis a new trial on this basis. To establish an abuse of discretion, Davis must show that the court's omission "was 'significantly prejudicial so as to deny [the plaintiff] a fair trial.' " [11]

In *DeAngelis*, the Court found that the trial court's failure to give a cautionary instruction on improper comments by defense counsel constituted an abuse of discretion and warranted a new trial. [12] In summation, defense counsel in *DeAngelis* made the following argument to the jury:

Judge Latchum of the Federal District Court—if you head out this door and go south, you'll run across the United States District Court—in a case called Belardinelli versus Carroll, a case issued within the last year, made a reference to just this kind of case when he said that a personal injury action is not like winning a lottery ticket. Ladies and gentlemen of the jury, that is what this case is about. It's about winning a lottery ticket. [13]

In ordering a new trial, the Court found this argument misleading and highly prejudicial because (1) it distracted the jury from the trial court's instructions, (2) it identified the judge as a federal judge and

---

**11.** *DeAngelis,* 628 A.2d at 80.

**12.** *Id.* at 79–80.

**13.** *Id.* at 79.

implied that his comments "are entitled to special deference" and (3) the "lottery" reference was dicta from an appellate opinion rather than a model jury instruction.[14]

Counsel's comment in *DeAngelis* was of a different character than the remarks in the present case because it misleadingly suggested that the law disfavors high jury awards. Nevertheless, we find the analysis in *DeAngelis* instructive. Maute's improper argument may well have misled the jurors by encouraging them to assume without a basis in the evidence that Davis' alleged serious personal injuries could not have been caused by a relatively minor accident. Maute's counsel referred to the accident as a fender-bender on three separate occasions during opening and closing remarks, and he introduced into evidence photographs that serve no apparent purpose other than to suggest that the accident was relatively minor. When considered together with the superficial appeal of the improper minimal damage/minimal injury inference, the cumulative effect of the argument resulted in error.

▇▇▇ To the extent that the trial court's decision to grant *additur*—and thus to increase the jury award by approximately $3200—was intended to remedy the effect of Maute's improper argument, we find that the *additur* was not appropriate to cure the prejudice.[15] We therefore conclude that the court's decision to deny Davis' request for a new trial was an abuse of discretion and that a new trial is warranted.

### Conclusion

Defense counsel's improper argument and the erroneous admission of photo-

graphs of Davis' car, without a proper limiting instruction, encouraged the jury to speculate that an apparently minor accident could not cause serious personal injuries to Davis. Because of the prominence of this argument, we conclude that the Superior Court's failure to provide specific limiting instructions on this issue was prejudicial. Therefore the admission of the evidence, the improper argument of counsel and the denial of the plaintiff's motion for a new trial constituted an abuse of discretion. This was not harmless error and was not cured by *additur*. Accordingly, we reverse the judgment of the Superior Court and remand the case for proceedings consistent with this opinion.

14. *Id.* at 80–81.

15. Davis also argues on appeal that a new trial is required because the *additur* granted by the trial court was inadequate, as a matter of law, to compensate Davis for the injuries

caused by the accident. Because we have concluded that a new trial is required based on the trial court's failure to remedy defense counsel's improper argument, it is not necessary for us to reach this issue.