ANTOINE MONEY, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 110, 2008.
Supreme Court of Delaware.
Submitted: August 20, 2008.
Decided: August 22, 2008.
Before STEELE, Chief Justice, BERGER and RIDGELY, Justices.

ORDER
Myron T. Steele, Chief Justice.
This 22nd day of August 2008, it appears to the Court that:
(1) Defendant-Appellant Antoine Money appeals his jury conviction for first degree rape. The only issue on appeal concerns a prosecutor's misstatement of law during closing arguments. After the prosecutor misstated the law, the trial judge immediately sua sponte called counsel to sidebar and informed the prosecutor that he had incorrectly stated the law. Defense counsel, despite the trial judge's unilateral intervention, neither objected nor requested any curative instruction; the prosecutor never corrected his misstatement during summation despite the trial judge's admonition; and the trial judge neither issued a curative instruction after the misstatement nor ordered the prosecutor to retract his misstatement in the jury's presence. Money now argues that the trial judge reversibly erred by failing to issue a curative instruction. Because the trial judge later correctly instructed the jury on the applicable law and because we must, in the absence of a suggestion to the contrary, assume the jury followed the trial judge's final instructions, we find no plain error and AFFIRM.
(2) The State indicted Money on one count of rape first degree and three counts of unlawful sexual contact first degree.[1] There is no dispute that the State presented sufficient evidence to support giving an instruction for the lesser included offenses of second degree rape and second degree unlawful sexual contact. With regard to the law of lesser-included offenses, we explained in Smith v. State:
Where lesser included offenses are relevant to the jury's determination, the jury should proceed in a logical fashion to consider first the more serious charge applying the standard of proof beyond a reasonable doubt. Only after making the determination that such proof is lacking, or being unable to make a unanimous finding in that regard, should the jury proceed to consider whether the evidence supports a lesser charge.[2]
(3) During closing arguments, however, the prosecutor made the following statement:
You don't go to look at rape in the second degree unless or until you find him not guilty of rape in the first degree. The same applies to the contact charge. You first must find him not guilty of contact in the first degree before you even consider the contact in the second degree, so it works from top to bottom.
Following this statement, the trial judge called counsel to sidebar, and this exchange took place:
JUDGE: Counsel, you said the jury doesn't get to lesser included unless they find him not guilty of rape first degree. They don't have to have a unanimous not guilty to have a verdict. If they are unable to reach a verdict rape first degree they may go to the lesser included offense, that's language built into the instruction. If they don't reach a unanimous verdict or are unable to reach a verdict they can go to the included offense, so what you said is slightly incorrect.
PROSECUTOR: I thought that that was what your instruction said. If I'm wrong, I stand corrected.
JUDGE: That is what it says.
PROSECUTOR: Well, I reallynot to quibble but I really don't see a difference in finding him not guilty.
JUDGE: The point is they don't have to have a unanimous not guilty verdict to go on and consider a lesser included offense.
PROSECUTOR: That's my understanding of the law.
JUDGE: I understand the law differently.
PROSECUTOR: Very well.
JUDGE: Okay, thanks.
After the trial judge instructed the prosecutor on the law and made it clear that the prosecutor had misstated the law, he nevertheless continued his closing argument without correcting his misstatement. Money, not having objected in the first instance, neither demanded that the prosecutor in fairness acknowledge to the jury that he misstated the law, nor did he request a curative instruction. The trial judge neither gave a curative instruction sua sponte nor insisted that the prosecutor acknowledge his clearly misleading statement of the law. After closing arguments, the trial judge instructed the jury using the standard instruction on lesser-included offenses.[3] The jury convicted Money on the rape charge but acquitted him on the two unlawful sexual contact charges. After sentencing, Money appealed.
(4) Money's sole argument on appeal relates to the prosecutor's misleading statement about the jury's deliberative process during his closing argument and the fact that the trial judge sua sponte corrected him, but did not issue a curative instruction. Money argues that the trial judge abused her discretion by failing to give a curative instruction sua sponte, and that he is, as a consequence, entitled to a new trial. He relies on this Court's holding in Rhodes v. State[4] and Sirmans v. Penn to justify reversal "if the trial court's failure to give appropriate instructions to the jury undermined the jury's ability to intelligently perform its duty in returning a verdict."[5] Although we do review the denial of a properly raised defense request for a curative instruction for abuse of discretion,[6] where defense counsel does not object or propose a curative instruction, we review under a plain error analysis.[7]
(5) Money argues that, because the trial judge failed to issue a curative instruction sua sponte, she left the jury with the impression that the prosecutor advised them correctly about their deliberation process and necessarily assumes that they disregarded the trial judge's later recitation of the law in favor of the prosecutor's proffered legal advice. Statements by counsel in closing, however, are argument, not factual evidence or legal pronouncements.[8] When counsel invades the judge's province and incorrectly advises the jury on the law as opposed to the facts, that error does not necessarily undermine the jury's ability to perform its duty in returning a verdict.[9] Moreover, the trial judge, not counsel, has the duty "to instruct jurors, fully and correctly, on the applicable law of the case, and to guide, direct, and assist them toward an intelligent understanding of the legal and factual issues involved in their search their truth."[10] Counsel who misstate the law when addressing the jury run the needless risk of a new trial when their misstatements are reviewed on post-trial motions or appeal.
(6) Although the prosecutor clearly misstated how the jury should consider the charges in their deliberations on lesser included offenses, the trial judge did instruct the jury properly on the substantive law consistent with the standard for lesser included offenses articulated in Smith.[11] We presume that the jurors followed the trial judge's instructions.[12] Therefore, we conclude that the trial judge did not err by not giving a curative instruction sua sponte because her final jury instruction correctly stated the applicable law.
(7) Although we cannot conclude that the prosecutor's statement amounted to plain error warranting reversal, we must elaborate on the prosecutor's misstatement of the law here and his refusal to accept the trial judge's admonition about his misstatement.[13] In DeAngelis v. Harrison, we wrote:
Although recognizing that counsel are permitted a certain flexibility in presenting zealous jury argument, this Court has placed limits on such advocacy. We have ruled that it is improper for counsel to make a factual statement which is not supported by evidence, to comment on the legitimacy of a client's claim or defense, to mention that the defendant is insured, to suggest to the jury that it place themselves in the plaintiff's position (the "golden rule" argument), to comment on a witness' credibility based on personal knowledge or evidence not in the record, to vouch for a client's credibility, or to make an erroneous statement of law.

In Delaware, counsel do not address the jury without knowledge of the law which will control the jury's deliberations. That law is supplied by the judge through instructions. It is the practice in this jurisdiction for the trial judge to confer with counsel on the proposed jury instructions prior to summation and, thus, counsel are generally aware of the substance of the instructions which will follow. Although counsel, in the course of summations, are permitted to refer to the law which the court will propound, this right is subject to limitations. Those limitations are pertinent here.[14]
Here, the trial judge told the prosecutor that he had misstated the law during his summation and the prosecutor took no steps to correct his misstatement before the jury. The fact that he understood the law differently than the trial judge does not permit argument to the jury inconsistent with the court's instruction. To the extent counsel, in good faith, simply misunderstands what amounts to a standard instruction, once the presiding judge informs him of his error, he should retract his prior inconsistent statement to the jury. If he does not, opposing counsel should seek remedial action from the trial judge, who should not tolerate argument inconsistent with our holding in DeAngelis.
(8) Only our confidence in the jury's ability to follow the trial judge's clear and correct final instruction, and the fact of no contemporaneous objection or demonstration of actual prejudice, allows us to conclude that the jury "intelligently perform[ed] its duty in returning a verdict."[15]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] The State nolle prossed one of the charges of unlawful sexual contact during trial.
[2] Smith v. State, 1995 WL 312649, at *2 (Del.).
[3] The trial judge instructed the jury as follows:

If, after considering all of the evidence, you find that the State has established beyond a reasonable doubt that the defendant acted in such a manner to satisfy all of the elements which I just stated, at or about the date and place stated in the indictment, you should find the defendant guilty of Rape in the First Degree. If you do not so find, or if you have a reasonable doubt as to any element of this offense, you may go on to consider whether the defendant is guilty of the lesser included offense of Rape in the Second Degree.
A similar lesser-included offense instruction was given for unlawful sexual contact.
[4] 2003 WL 21189790, at *1-2 (Del. 2003).
[5] 588 A.2d 1103, 1104 (Del. 1991) (internal quotation marks omitted).
[6] Sammons v. Doctors for Emergency Servs., P.A., 913 A.2d 519, 539 (Del. 2006) ("The standard of review on appeal of a trial judge's decision to give a curative instruction is abuse of discretion.").
[7] See Del. Supr. Ct. R. 8; Perkins v. State, 920 A.2d 391, 396 (Del. 2007) (reviewing impermissible prosecutorial remarks for plain error, though review would have been de novo had defense counsel objected to the remarks at trial).
[8] See King v. State, 935 A.2d 256, 2007 WL 2949146, at *2 (Del. Supr.) ("Defense counsel's question putting the proposition to her does not constitute evidence."); Taylor v. State, 777 A.2d 759, 766 n. 23 (Del. 2001) ("Arguments made by counsel during opening statements and summation are not evidence and thus cannot be said to raise an affirmative defense."). See also Mills v. State, 947 A.2d 1122, 2007 WL 4245464, at *3 (Del. Supr.) ("A prosecutor is not only an advocate, but also a `minister of justice,' and must therefore avoid improper suggestions, insinuations, and assertions of personal knowledge.").
[9] See Sirmans, 588 A.2d at 1104 ("We will reverse if the trial court's failure to give appropriate instructions to the jury undermined the jury's ability to intelligently perform its duty in returning a verdict.") (internal quotation marks omitted). For example, Money does not assert that the prosecutor's statement is prosecutorial misconduct, and nothing in the record indicates that it was.
[10] Bullock v. State, 775 A.2d 1043, 1057 n. 58 (Del. 2001) (Veasey, C.J., concurring) (quoting 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2556 (2d ed. 1995)).
[11] Claudio v. State, 585 A.2d 1278, 1282 (Del. 1991) ("A defendant has no right to have the jury instructed in a particular form. However, a defendant is entitled to have the jury instructed with a correct statement of the substantive law.").
[12] See Guy v. State, 913 A.2d 558, 565-66 (Del. 2006) ("Error can normally be cured by the use of a curative instruction to the jury, and jurors are presumed to follow those instructions."); Middlebrook v. State, 815 A.2d 739, 746 (Del. 2003) ("The law presumes that the jurors followed the Superior Court's instruction."); Capano v. State, 781 A.2d 556, 589 (Del. 2001) ("As a general rule, we must presume that the jurors followed the court's instruction.") (internal quotation marks omitted).
[13] Although we recognize that reading the "cold" record alone may not accurately reflect the entire sidebar exchange between the trial judge and counsel, we find it troubling that the prosecutor, after the trial judge informed him that he misstated the law, would not, on his own accord, seek to correct the misstatement that he had communicated to the jury. Even more disturbing in this case, the prosecutor, rather than recognizing his clear error, apparently decided to debate the applicable law after the trial judge's clear sua sponte ruling that he had misstated the law, leaving a reasonable transcript reader with the impression that the prosecutor believed his interpretation of the law could be considered equally as instructive as the judge's statement of the law and, thus, required no corrective action.
[14] 628 A.2d 77, 80 (Del. 1993) (citations omitted) (emphasis added).
[15] Sirmans, 588 A.2d at 1104.