SUPERIOR COURT
OF THE
STATE OF DELAWARE

CRAIG A. KARSNITZ
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

January 23, 2019

Andres Guiterrez De Cos, Esquire
Andres De Cos, LLC
4708 Kirkwood Highway, Second Floor
Wilmington, DE 19808

Amy M. Taylor, Esquire
Heckler & Frabizzio
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, DE 19899

RE:     **Rodas v. Hazzard**
        **C.A. No. S17C-08-019**

Submitted: January 21, 2019
Decided: January 23, 2019

*Upon Defendant's Motion for Summary Judgment.  Granted.*

Dear Counsel:

This is a personal injury case stemming from a motor vehicle collision which

occurred November 4, 2016.  The collision was between a vehicle operated by Antoniel Rodas

(hereinafter "Plaintiff") and one operated by Reginald Hazzard (hereinafter "Defendant") and

owned by Offshore Wiring, Inc.  The collision occurred at the

intersection of Baker Mill Road and Church Road, just off of Concord Road, Route 20 east of Seaford. Plaintiff was operating his vehicle generally in an easterly direction, and turned off of Concord Road onto Baker Mill Road where he approached and stopped at a stop sign controlling traffic in the direction he was traveling. Plaintiff was crossing Church Road. Defendant was traveling on Concord Road in a generally westerly direction and proceeded off of Concord Road onto Church Road as he approached the intersection with Baker Mill Road. He had the right of way to proceed through the intersection of Church Road and Baker Mill Road. By letter to the Court dated January 21, 2019, the parties stipulated that the posted speed limit for the area in which Defendant was traveling was 35 mph.

Plaintiff's complaint alleged negligence on the part of Defendant, including that he was traveling at a high rate of speed while exiting Concord Road onto Church Road, that he failed to slow his vehicle to the posted speed limit, and that he was not signaling as he exited Concord Road onto Church Road. During Plaintiff's deposition Plaintiff testified that preceding the collision he was stopped at the stop sign at the intersection, looked left and right, and believed the way to be clear as he left the area of the stop sign and proceeded to cross Church Road. Plaintiff also testified that as he was entering the intersection he spotted an animal crossing Baker Mill Road and stopped in the middle of the intersection. Plaintiff said that he did not see Defendant's vehicle prior to impact and did not know how fast Defendant was traveling. Finally, Plaintiff explained that he did not know whether Defendant had his turn signal in operation as Defendant left Concord Road and entered Church Road. Defendant has claimed that he was operating his vehicle in a careful fashion when Plaintiff left the area of the stop sign and proceeded in front of him. Defendant also claimed that he had no time to avoid the collision.

Finally, Defendant testified at his deposition that he was traveling between 25 and 30 mph prior to the collision.

Defendant has filed a Motion for Summary Judgment. In reviewing the motion and the response thereto a question arose as to the speed limit in the area where Defendant was traveling just prior to the collision. The police report indicated the limit was 25 mph, while an expert report prepared on behalf of Defendant indicated that the 25 mph limit did not apply until just west of the intersection where the collision occurred, and that the limit for Defendant up to the area of the collision was 35 mph.

Oral Argument was held on Defendant's motion on January 18th. At argument I raised the issue with counsel as to the speed limit for the Defendant at and prior to the area of the collision. The letter to the Court of January 21st indicated that the parties were stipulating that the speed limit for that area was 35 mph. My concern was that if there was evidence from Defendant that he was exceeding the speed that that would create a jury issue as to the respective negligence of the parties. Defendant testified that he was traveling between 25 and 35 mph at the time of the collision. If the police officer's report as to the speed limit was correct, Defendant's admission that he exceeded the speed limit would have proved negligence on his part. However, by stipulation of the parties that is not the case.

The standard applied when reviewing a Motion for Summary Judgment is well established law. Summary Judgment is appropriate where the evidence of record including pleadings and depositions, show that there is no genuine issue as to any material fact and that the moving party's entitled to judgment as a matter of law.[1] Reviewing all of the evidence of record including that described above, I see no evidence to support Plaintiff's claims. Plaintiff has now admitted that he does not know the speed of Defendant's vehicle or whether or not Defendant was using his turn signal as he turned off of Concord Road. Defendant has testified that he was traveling within the speed limit allowed by law. Plaintiff in response to this motion made an argument that one could conclude that the Defendant was speeding because of the nature of the injury to the Plaintiff, or the damage to the vehicles. However, I find that argument unpersuasive and far too speculative to give credence. We know that no conclusions can be made concerning the degree of injury because of the degree of damage to a vehicle, and by the same reasoning we cannot estimate speed from the same information. While experts in accident reconstruction may be able to reach conclusions of speed based on the damage or other evidence, no such evidence is provided here.

---

[1] *Burkhart v. Davies,* 602 A.2d 56, 59 (Del. 1991)
*Davis v. Maute,* 770 A.2d 36, 40 (Del. 2001)

## CONCLUSION

As a result I see no evidence in the record to support any claims of negligence on the part of the Defendant.  The Defendant is entitled to judgment as a matter of law.

*IT IS SO ORDERED*

Very truly yours,

Craig A. Karsnitz

cc: Prothonotary's Office

FILED PROTHONOTARY
SUSSEX COUNTY
2019 JAN 24 P 12: 18