NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

22-P-466                                            Appeals Court


KRISTIANA LACCETTI  vs.  STEVEN G. ELLIS.[1]


No. 22-P-466.

Middlesex.     December 8, 2022. - March 20, 2023.

Present:  Milkey, Ditkoff, & Englander, JJ.


Motor Vehicle, Investigation of accident.  Evidence, Photograph,
     Expert opinion, Medical report, Admitted de bene.  Witness,
     Expert.  Insurance, Motor vehicle personal injury
     protection benefits.



     Civil action commenced in the Superior Court Department on
December 12, 2017.

     The case was tried before David A. Deakin, J., and a motion
to alter or amend the judgment was considered by him.


     Jeffrey Simons for the plaintiff.
     Douglas L. Price (Stephen Ryan also present) for the
defendant.

_____

     [1] During the pendency of the Superior Court action, the
defendant changed his last name from Alexandredacosta to Ellis.
At trial, on the joint motion of the parties, the trial judge
recaptioned the case to reflect the defendant's new legal name.

DITKOFF, J.  The plaintiff, Kristiana Laccetti, appeals
from an amended judgment after a jury trial in the Superior
Court awarding her only $2,000 in damages for personal injuries
sustained in a motor vehicle accident.  We conclude that, even
in the absence of expert testimony, the extent of property
damage resulting from a motor vehicle collision is relevant to
the likelihood and degree of personal injury.  With that
understanding, we conclude that the judge acted within his
discretion in admitting photographs of the damaged vehicles at
trial and in allowing defense counsel to argue a correlation
between the property damage from the collision and personal
injuries sustained by the plaintiff.  Further concluding that
that the plaintiff's additional arguments were not properly
preserved, we affirm.

1.  Background.  a.  The accident.  On May 21, 2015, at
approximately 8:30 P.M., the plaintiff, approximately twenty-
four years old, was traveling on Storrow Drive when another
vehicle (not driven by the defendant) abruptly cut in front of
her and stopped, forcing the plaintiff to slam on her brakes.[2]

---

[2] Our description of the accident is hindered by the limited
record on appeal provided by the appellant.  We have been
provided with only five of the fourteen exhibits, and notably
have not been provided with the plaintiff's medical records or
medical bills.  We are also missing all of the plaintiff's
testimony on direct examination and most of the plaintiff's
testimony on cross-examination, most of the medical expert's
testimony, the plaintiff's closing argument, and the jury

In response, the defendant, who was traveling behind the plaintiff at the time, slammed on his brakes but nonetheless rear-ended the plaintiff. The parties exited their vehicles to assess the damage and called 911.

At trial, the parties offered different descriptions of how the accident unfolded. The plaintiff testified that the defendant rear-ended her before she made contact with the vehicle in front of her. Although she did not know how fast the defendant was traveling before the accident, the plaintiff testified that the defendant rear-ended her vehicle with enough force to push her into the vehicle in front of her. The plaintiff did not characterize the accident as minor and testified that her vehicle sustained a moderate amount of damage from the collision. The plaintiff testified that she suffered a concussion, a neck injury, an increase in migraine headaches, and an exacerbated back injury as a result of the accident.

By contrast, the defendant testified that he was driving twenty-five miles per hour in "very heavy" traffic on Storrow Drive when he first observed the plaintiff's vehicle, which was also traveling that same speed. He testified that there was approximately a one- to two-vehicle distance between the front

---

instructions after closing argument. See Ravasizadeh v. Niakosari, 94 Mass. App. Ct. 123, 126 n.10 (2018) ("it is the appellant's burden to produce a full record on appeal").

of the defendant's vehicle and the back of the plaintiff's vehicle. The defendant testified that he observed the plaintiff hit the vehicle in front of her before he slammed on the brakes and rear-ended the plaintiff. The defendant testified that, at the time of impact, he was traveling no more than ten miles per hour.

In any event, as the parties waited for police and emergency medical services to arrive on scene, the plaintiff and the defendant briefly confronted the driver who made the erratic lane change. Shortly thereafter, that driver fled the scene and was not identified. Emergency medical personnel arrived on scene to evaluate the plaintiff, and she was transported by ambulance to Massachusetts General Hospital. In the months and years after the accident, the plaintiff received various medical treatments, including by a neurologist for headaches and cognitive difficulties, a chiropractor, multiple physical therapists, and multiple types of doctors for chronic neck and back pain and worsening migraines.

Whether these various medical conditions were preexisting or were caused or exacerbated by the accident was highly contested at trial. The defendant's expert apparently opined that the plaintiff had preexisting migraines and lumbar spine disease that were neither caused by nor exacerbated by the accident. In comparing magnetic resonance images (MRI) of the

plaintiff's lumbar spine after the accident to MRIs of her lumbar spine before the accident, the medical expert testified that they were "very similar."[3]  The medical expert testified that, as a result of the accident, the plaintiff did not suffer a concussion or post-concussive syndrome and that, "at most, in [his] opinion, she suffered a mild neck sprain."  He further testified that the plaintiff's exacerbated migraine headaches and back pain were not necessarily related to the accident.

b.  Procedural background.  In December 2017, the plaintiff sued the defendant for negligently rear-ending her, seeking damages for her out-of-pocket medical expenses, lost wages, diminished earning capacity, pain and suffering, and emotional distress.[4]  The plaintiff's civil action cover sheet suggests that she was seeking damages in the neighborhood of $350,000.[5]

Prior to trial, the plaintiff filed a motion in limine to preclude references to or photographs of the property damage caused by the collision.  Photographs of the plaintiff's vehicle depicted a dented bumper and trunk and a slightly dented license

---

[3] These images were admitted at trial.

[4] She also alleged negligent infliction of emotional distress, but the parties stipulated to the dismissal with prejudice of that count.

[5] Because the plaintiff's closing argument was not transcribed, we do not know what damages were argued to the jury.

plate.  Photographs of the defendant's vehicle depicted a cracked grille with the vehicle's hood slightly popped up.[6]

At the hearing on the motion in limine, the parties disagreed on whether these photographs of the damaged vehicles could be admitted at trial and the extent to which defense counsel could argue a correlation existed between property damage from the motor vehicle accident and personal injuries sustained by the plaintiff.  After the hearing, the judge denied the plaintiff's motion and in a margin endorsement limited what defense counsel could argue at trial.  The judge ruled that "[d]efense counsel may argue that serious injury is more likely the more serious the collision but may not argue that serious injury is unlikely to result [from] less serious collisions."[7]

At trial, the plaintiff objected to the admission of the photographs.  Similarly, during the plaintiff's cross-examination, the plaintiff's counsel objected to a description of the property damage sustained by the plaintiff's vehicle in the collision.

The jury found that the defendant negligently injured the plaintiff and awarded her $10,000 in damages.  Following the

---

[6] We have been provided with only five of the nine photographs that were ultimately admitted in evidence.

[7] The defendant does not challenge the trial judge's ruling as being too restrictive.  Accordingly, we do not reach this question.

return of the verdict and entry of judgment, the defendant filed a motion to amend the judgment. Consistent with G. L. c. 90, § 34M, the trial judge reduced the plaintiff's damage award by the $8,000 she received as personal injury protection insurance benefits.[8] This appeal followed.

2. Admission of the photographs. "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence and (b) the fact is of consequence in determining the action." Laramie v. Philip Morris USA Inc., 488 Mass. 399, 412 (2021), quoting Mass. G. Evid. § 401 (2021). "A trial judge has 'substantial discretion to decide whether evidence is relevant.'" Commonwealth v. Mason, 485 Mass. 520, 533 (2020), quoting Commonwealth v. Scesny, 472 Mass. 185, 199 (2015). On appeal, we review the "admissibility of photographic evidence" for an abuse of discretion. Commonwealth v. Huang, 87 Mass. App. Ct. 65, 77 (2015), quoting Commonwealth v. Tassinari, 466 Mass. 340, 349 (2013).

Here, the judge acted within his discretion in admitting photographs of the damaged vehicles because they were relevant to the extent of the plaintiff's personal injuries sustained in the collision. See Mason v. Lynch, 388 Md. 37, 53 (2005) (judge

_____

[8] The plaintiff raises no challenge on appeal to this reduction.

has discretion to admit "photographs and testimony, showing or describing vehicular damage or the nature of the impact, [that] are relevant with respect to the personal injuries suffered in a motor vehicle accident"). Photographs of the plaintiff's vehicle depict minimal front-end damage and slight rear-end damage, and photographs of the defendant's vehicle depict minimal front-end damage. These photographs were relevant to assist the jury in determining the extent of the plaintiff's injuries and whether her ongoing medical issues were a likely result of the accident or of preexisting conditions. See Flores v. Gutierrez, 951 N.E.2d 632, 638 (Ind. Ct. App. 2011) (photograph depicting "damage, or lack thereof, to [plaintiff]'s vehicle had some tendency to prove or disprove facts relating to his personal injury claim"). Given that there was no dispute as to the authenticity of the photographs and no dispute that the defendant rear-ended the plaintiff, the photographs "depict[ing] the condition of the rear of plaintiff's car -- the place where her car was struck by defendant's car" were particularly relevant. Brenman v. Demello, 191 N.J. 18, 34 (2007).[9]

---

[9] The photographs were likely relevant for other purposes, such as assisting the jury with determining the credibility of witnesses, the speed of the collision, and the order of contact between the vehicles involved in the collision. See Davis v. Maute, 770 A.2d 36, 41 (Del. 2001) ("photographs of the plaintiff's car could conceivably serve some valid purpose other than supporting the minimal damage/minimal injury inference").

It is not contested -- and indeed, is undeniable -- that it is possible for an automobile accident that results in minor vehicle damage nevertheless to cause serious physical injury. Likewise, it is undeniable that an automobile accident that results in major vehicle damage may not cause serious physical injury. On appeal, the plaintiff presents several purported studies (not presented to the trial judge) suggesting that the relationship between vehicle damage and the likelihood of serious physical injury is complicated and is not a direct correlation. The plaintiff then argues that it "is not true that severe injuries are more likely in severe accidents and less likely in less severe accidents," and that the topic "requires expert testimony to guide the jury on their consideration of the issue at trial." Accordingly, the plaintiff argues that the photographs showing minor vehicular damage must be excluded, in the absence of expert testimony.

We disagree with this reasoning. We acknowledge that Delaware adopted this rule on the ground that "any inference by the jury that minimal damage to the plaintiff's car translates into minimal personal injuries to the plaintiff would necessarily amount to unguided speculation." Davis v. Maute, 770 A.2d 36, 40 (Del. 2001). Accord Dunn v. Riley, 864 A.2d

---

In light of our holding, however, we need not reach this question.

905, 908 (Del. 2004). A few years later, however, the Delaware Supreme Court retreated somewhat, stating that "Davis should not be construed broadly to require expert testimony in every case in order for jurors to be permitted to view photographs of vehicles involved in an accident" and that "Davis should be limited to its facts, recognizing that there may be many helpful purposes for admitting photographs of the vehicles involved in an accident where those purposes do not require supporting expert opinion." Eskin v. Carden, 842 A.2d 1222, 1233 (Del. 2004). The Delaware courts have not since returned to this issue in published opinions.

Whatever the state of Delaware law is, the rule set forth in Davis has not been followed in other States. Rather, most courts believe that "a jury is ordinarily quite capable of correlating outward appearance of damage with likelihood and extent of injury." Christ v. Schwartz, 2 Cal. App. 5th 440, 450 (2016). As the Maryland Court of Appeals (now the Supreme Court of Maryland) explained, "That there may be some automobile accidents, in which very minor impacts lead to serious personal injuries, and vice versa, does not mean that evidence concerning the impact is irrelevant to the extent of the injuries. Relevancy under the rule involves probabilities; complete certainty is not ordinarily required." Mason, 388 Md. at 58. Similarly, the New Jersey Supreme Court acknowledged the

existence of "those instances where slight force causes grave injury," but held that "there is a relationship between the force of impact and the resultant injury, and the extent of that relationship remains in the province of the factfinder." Brenman, 191 N.J. at 32. Indeed, "the majority of state courts . . . have held that the admission of photographs of vehicles involved in a collision without supporting expert testimony is within the trial judge's discretion." Christ, supra at 448. See Marron v. Stromstad, 123 P.3d 992, 1009 (Alaska 2005) (rejecting "the rigid approach represented by [Davis]"); Flores, 951 N.E.2d at 639 (judge acted within discretion in admitting photographs given "the commonsense relationship between property damage and personal injury"); Rish v. Simao, 132 Nev. 189, 195-196 (2016) (rejecting proposition "that supporting testimony from a certified biomechanical engineer or other expert must be offered before a defendant will be allowed to present a low-impact defense"); Accetta v. Provencal, 962 A.2d 56, 62 (R.I. 2009) ("declin[ing] to adopt a rule that would require expert testimony to accompany admission into evidence of photographs of vehicles that have been involved in a motor vehicle accident"); Corriette v. Morales, 50 V.I. 202, 209 (2008) ("photographs showing damage to a plaintiff's vehicle are relevant to the nature and extent of a plaintiff's personal injuries, even where

property damage is no longer an issue in the case" [footnote omitted]).

We agree with the majority rule.  "[T]here is a relationship between the force of impact and the resultant injury, and the extent of that relationship remains in the province of the factfinder."  Brenman, 191 N.J. at 32.  It does not follow from the undeniable fact that an accident can result in minor vehicular damage and serious physical injury that the extent of the vehicular damage is irrelevant to the extent and likelihood of physical injury.  To the contrary, in the ordinary run of cases, a jury is free to accept (or, for that matter, to reject) the commonsense notion that more vehicular damage from a collision makes serious physical injury more likely.  Of course, the plaintiff was "free to offer expert proofs for the purpose of showing that there [was] no relationship between the extent of the damage and the cause and severity of the resulting injuries."  Id. at 21.  Such expert testimony, however, was not required, either to make that argument or to make the contrary argument.  See Flores, 951 N.E.2d at 638 (plaintiff declined to present expert testimony).  Accordingly, the judge acted within his discretion in admitting photographs of the damaged vehicles and in allowing defense counsel to argue that there could be a relationship between the vehicular damage and the personal injuries sustained by the plaintiff.

3.  Other contentions.  The plaintiff's remaining arguments were not preserved on appeal, at least on the limited record provided to us.  See Weiner v. Commerce Ins. Co., 78 Mass. App. Ct. 563, 568 (2011) (issues not raised in trial court are waived).  In denying the plaintiff's motion in limine, the judge expressly limited the scope of what defense counsel could argue at trial.  On appeal, the plaintiff asserts that defense counsel exceeded this limitation by effectively arguing that minor accidents cannot cause serious personal injury.  Although the judge's order did not allow this line of argument, the transcript provided contains no objection to defense counsel's opening statement or closing argument.  Accordingly, this issue is not before us.  See Aleo v. SLB Toys USA, Inc., 466 Mass. 398, 406 n.14 (2013).

The same problem adheres to the plaintiff's challenge to the defendant's medical expert's testimony.  The expert testified that, in his experience, high velocity accidents are more likely to result in whiplash "[a]nd lesser degrees as low velocity accidents are minimal damage to cars."  When the plaintiff objected, the trial judge noted that the defendant had not yet laid a proper foundation for this opinion but "allow[ed] the answer right now to stand de bene subject to a motion to strike if you're not able to establish the proper foundation."  At least on the limited record before us, the plaintiff never

moved to strike or otherwise alerted the trial judge that she felt that the foundation was not laid.  Where evidence is admitted de bene subject to a motion to strike and "the [party] failed to renew [the] motion to strike," the party "must therefore be held to have waived any rights to have the evidence struck."  Wilborg v. Denzell, 359 Mass. 279, 283 (1971).  Accord Conway v. Planet Fitness Holdings, LLC, 101 Mass. App. Ct. 89, 101 (2022), quoting Hoffman v. Houghton Chem. Corp., 434 Mass. 624, 639 (2001) ("The consequence of the failure properly to object at trial is to waive the issue on appeal").  Accordingly, this issue, as well, is waived.

Amended judgment affirmed.