Matthew P. LaFERRIER et al.

v.

Marilyn TURILLO et al.

No. 95–505–Appeal.

Supreme Court of Rhode Island.

March 5, 1997.

Steve Conti, Providence.

Susan Carl Donnelly, Providence.

**ORDER**

This case arises from a traffic accident in which a motor vehicle driven by the defendant, Marilyn Turillo, struck the rear end of a vehicle driven by the plaintiff, Matthew P. LaFerrier, allegedly injuring him. Although the defendant admitted liability at trial, the jury returned a defense verdict and therefore awarded no damages to the plaintiffs.[1] On appeal[2] the plaintiffs claim numerous errors and invite us to grant their request for a new trial on damages. For the reasons that follow, we respectfully decline this invitation.

The plaintiffs first allege that the trial justice committed reversible error in admitting into evidence photographs of the two cars taken nine weeks after the accident occurred because (1) no claim was being made for property damage; (2) it could not be determined from the pictures whether any undercarriage damage had occurred or if either car had been repaired; and (3) the jury was allegedly "blinded by the fact that the pictures showed very little *visible* damage." However, it is "well established in this state that the question of the materiality or relevancy of photographs is a matter of judicial discretion." *Avarista v. Aloisio*, 672 A.2d 887, 892 (R.I.1996). There was no abuse of

---

1. The plaintiff's wife alleged a claim for loss of consortium.

2. We ordered the plaintiffs to appear and show cause why this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we conclude that cause has not been shown and therefore proceed to decide the appeal without further briefing and argument.

that discretion here because the photographs were clearly probative on the issue of whether the accident caused plaintiff's injuries. In addition, plaintiffs' objections go largely to the evidentiary significance of the photographs rather than to their admissibility. In any event we do not believe that the admission of the photographs prejudiced plaintiffs because they were allowed to expose the alleged deficiencies of this evidence on cross-examination.

Because plaintiffs did not lodge an objection to the jury instructions at trial, their right to appeal that issue is waived. Super.R.Civ.P. 51(b); *see also DiFranco v. Klein,* 657 A.2d 145, 147 (R.I.1995).

Lastly, the plaintiffs contend that the jury verdict was against the weight of the evidence and that the trial justice did not properly consider their motion for a new trial. Our review of the record leads us to draw the opposite conclusion. The trial justice independently reviewed the material evidence and evaluated its weight, considered the credibility of the witnesses, and then determined that the jury had reached a justifiable verdict. As we have stated in the past, as long as the trial justice conducts this type of evaluation and does not overlook or misconceive material evidence, the ruling on a motion for a new trial will stand. *See, e.g., Long v. Atlantic PBS, Inc.,* 681 A.2d 249, 254–55 (R.I.1996).

We therefore deny and dismiss the plaintiffs' appeal and affirm the judgment below.

BOURCIER, J., did not participate.