**SUPERIOR GROUP VENTURES, INC.**

v.

**APOLLO II SIGN CORPORATION, et al.**

No. 96–608–Appeal.

Supreme Court of Rhode Island.

May 4, 1998.

Kevin F. Bowen, Thomas J. McAndrew, Providence, for Plaintiff.

Thomas J. Ryan, Thomas R. Bender, and Daniel P. McKiernan, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case arises from a fire that occurred in the plaintiff's dry-cleaning store because of a defective neon sign. The sign was manufactured by the defendant Apollo II Sign Corporation (Apollo) and installed by the defendant Lawrence Mulzer, d.b.a. Ace Advertising (Mulzer). Mulzer appeals from a Superior Court judgment entered after a jury awarded damages to the plaintiff Superior Group Ventures, Inc. Mulzer, who represented himself at trial, claims on appeal that the trial justice incorrectly instructed the jury and erred in rejecting his motion for a new trial. Because these alleged errors were not properly preserved for appeal, we affirm the judgment against Mulzer.

■ It is well settled that pursuant to Rule 51(b) of the Superior Court Rules of Civil Procedure "[n]o party may assign as error the giving or the failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the party's objection." *See LaFerrier v. Turillo,* 692 A.2d 692, 693 (R.I.1997); *DiFranco v. Klein,* 657 A.2d 145, 147 (R.I.1995); *Brodeur v. Desrosiers,* 505 A.2d 418, 421–22 (R.I.1986); *Cannone v. New England Telephone and Telegraph Co.,* 471 A.2d 211, 214–15 (R.I. 1984). The rule affords the trial justice an opportunity to correct any potential error before the jury begins deliberations. *See DiFranco,* 657 A.2d at 147; *Brodeur,* 505 A.2d at 422; *A.R. Alvernas, Inc. v. Cohen,* 420 A.2d 78, 81 (R.I.1980). And "[a]lthough this court will not apply Rule 51(b) in an overly stringent manner * * * counsel's objection must be specific enough to apprise the trial justice of the precise nature of the alleged error in question and timely enough to enable the justice to take any necessary corrective action." *DiFranco,* 657 A.2d at 147.

■ In this case, the following sidebar colloquy took place between Mulzer and the trial justice after the trial justice instructed the jury:

"THE COURT: You have no objections to the instructions?

"Mr. Mulzer: No."

Because Mulzer failed to object at trial, his right to appellate review of the jury instructions has been waived. Super.R.Civ.P. 51(b); *see also LaFerrier,* 692 A.2d at 693; *DiFranco,* 657 A.2d at 147.

■ During oral argument before this Court, Mulzer's appellate counsel also sought to challenge the trial justice's refusal to grant his client's motion for a new trial. This issue, however, was not raised by the defendant in his brief. Rule 16(a) of the Supreme Court Rules of Appellate Procedure provides that issues not briefed will be deemed waived. Because this issue was not fairly raised in the defendant's brief, it is therefore waived. *See O'Reilly v. Town of Glocester,* 621 A.2d 697, 707 (R.I.1993); *State v. Jamgochian,* 109 R.I. 46, 48, 280 A.2d 320, 322 (1971) (citing former Rule 15).

Accordingly we deny and dismiss Mulzer's appeal and affirm the judgment below.