Michael ACCETTA

v.

Doris PROVENCAL.

Michael Norato

v.

Doris Provencal.

No. 2008–31–Appeal.

Supreme Court of Rhode Island.

Jan. 12, 2009.

Peter Comerford, Providence, for Plaintiff.

Peter Clarkin, Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Chief Justice WILLIAMS, for the Court.

This matter comes to us on the appeal of Michael Accetta and Michael Norato (collectively plaintiffs) after an unfavorable jury verdict in the Superior Court. The plaintiffs were involved in a car accident in Providence, Rhode Island, when Norato's vehicle was hit from behind by Doris Pro-

vencal (defendant).[1] Although the defendant admitted that she was liable, she denied that her negligence was the proximate cause of any injuries suffered by the plaintiffs and disputed that any damages had been incurred. After a one-day trial, the jury opted not to award damages to either plaintiff. The plaintiffs have asserted two issues on appeal: (1) whether the trial justice erred in admitting photographs of Norato's and the defendant's vehicles as they appeared after the accident and (2) whether the trial justice erred in failing to grant the plaintiffs' motion for a new trial.

This case came before the Supreme Court for oral argument on December 8, 2008, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the record and memoranda filed by the parties, we are of the opinion that this appeal may be decided at this time without further argument or briefing. For the reasons hereinafter set forth, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

Before a trial on the merits of this case commenced, the trial justice heard a motion *in limine* from plaintiffs' attorney, in which he sought to exclude any photographs of the vehicles that were involved in the accident at issue. The plaintiffs argued that admitting the photographs into evidence without expert testimony would unfairly prejudice plaintiffs, would confuse and/or mislead the jury, and would be contrary to public policy. The plaintiffs were concerned that the lack of physical damage to the vehicles depicted in the photographs might lead the jury to conclude that plaintiffs had not been seriously injured. The trial justice denied the motion and stated that she would not allow expert testimony on the issue of whether the lack of physical damage to the vehicles was related to an absence of bodily injury to plaintiffs.

The relevant facts were elicited at trial. On August 27, 2003, after going out for coffee and doughnuts in Providence, plaintiffs were in Norato's car, driving from the corner of Plainfield and Killingly Streets to South Main Street. While en route, between 9:30 and 10 a.m., Norato stopped his car at a traffic light on Service Road Number 7. According to plaintiffs, the car had been stopped at a red light when Norato's car was hit from behind by a vehicle that defendant was driving. Accetta testified that upon impact, he went forward, hit the windshield, and then sat back in his seat. He explained that immediately after the car was hit, he felt some pain in his neck and back; he continued to feel this pain while waiting for the police to arrive on the scene of the accident. Norato provided a similar narrative, explaining that immediately after the accident, he felt weak and had pain in both his neck and back.

The defendant, who also testified at trial, explained that on the morning of the accident, she was on her way to visit someone at Rhode Island Hospital, when she came to a complete stop at the same traffic light as plaintiffs on Service Road Number 7. Her vehicle was stopped approximately five feet behind Norato's car. When a driver in a car behind defendant honked and held down the car horn, she became startled, took her foot off the brake, and

---

**1.** On March 22, 2005, plaintiffs filed separate negligence actions against defendant. These actions subsequently were consolidated.

pressed on the gas pedal. The defendant, who was driving a caravan, explained that when she accelerated, her vehicle advanced at a speed of approximately four to five miles per hour. After defendant's vehicle made contact with Norato's, defendant testified that she became very emotional and apologized to plaintiffs.

After the police left the scene of the accident, plaintiffs testified that they went to a nearby medical center on Dean Street. Although Norato left the medical center after waiting more than an hour without seeing a doctor, Accetta saw a treating physician. Norato did, however, have X-rays taken at "another place," on Broad Street. Thereafter, plaintiffs each sought treatment from Joachim E. Badway, a chiropractor. They followed an apparently identical therapy schedule: each plaintiff saw Dr. Badway three times a week for the first three to four weeks after the accident and then continued to see Dr. Badway less frequently. The total treatment time for each plaintiff amounted to two and one-half months.

At the close of Norato's testimony, defendant's attorney introduced into evidence photographs of Norato's car. Norato testified that the photographs fairly and accurately depicted his car as it had appeared after the accident. These photographs were published to the jury. Likewise, after defendant's testimony, her attorney introduced photographs of defendant's van that were taken after the accident. These photographs also were published to the jury.

During closing arguments, defendant's attorney referred to the photographs of the vehicles, urging the jurors to use their "common sense." He stated: "I would ask that you do look at the exhibits. I mean, you've looked at the photographs. So you know, a picture is worth a thousand words as the saying goes."

When the case was submitted to the jury, the jurors were asked to determine the total amount of damages suffered by Accetta, if any, and the total amount of damages suffered by Norato, if any. When the jury returned its verdict, after one hour of deliberations, it found that neither plaintiff was entitled to damages.

Thereafter, plaintiffs filed a motion for a new trial or, in the alternative, additur. The plaintiffs argued two grounds for a new trial: (1) the photographs of the two vehicles involved in the accident should not have been admitted into evidence because they were not relevant and (2) the verdict was against the clear weight of the evidence because the parties had stipulated to defendant's liability. After hearing from the parties, the trial justice denied this motion. The trial justice explained that the photographs "were part of the story" and that they "complemented and supplemented the testimony." Indeed, she remarked that the photographs supported defendant's contention that this was a low-impact collision. Moreover, the trial justice concluded that it was appropriate for defense counsel to advise the jurors to use their common sense. She noted that neither plaintiff's testimony was compelling, yet defendant was quite credible. Accordingly, the trial justice assumed that the jury must have found that plaintiffs were not as credible as defendant and thus it had a proper basis for its verdict. The plaintiffs timely appealed.

## II

### Analysis

On appeal, plaintiffs allege two errors. First, plaintiffs contend that the trial justice improperly admitted into evidence photographs of the two vehicles involved in the car accident. Second, plaintiffs main-

tain that the trial justice erred in denying their motion for a new trial.

## A

### Admissibility of the Photographs

The plaintiffs assert that the trial justice erred in admitting into evidence photographs of both Norato's and defendant's vehicles as they appeared after the accident. Because the photographs did not portray any visible damage to either vehicle, plaintiffs allege that the jury likely concluded that the impact of the collision did not cause plaintiffs any injuries. The plaintiffs contend that without any accompanying expert testimony, which the trial justice would not permit, the photographs should not have been admitted into evidence.

 It is well established that this Court applies a deferential standard when reviewing a trial justice's determination of the admissibility of evidence. *Giammarco v. Giammarco*, 959 A.2d 531, 533 (R.I. 2008) (mem.); *Notarantonio v. Notarantonio*, 941 A.2d 138, 149 (R.I.2008) (citing *DiPetrillo v. Dow Chemical Co.*, 729 A.2d 677, 690 (R.I.1999)); *State v. McLaughlin*, 935 A.2d 938, 942 (R.I.2007). Indeed, "the trial justice has wide discretion in determining the relevancy, materiality, and admissibility of offered evidence, including photographs." *State v. Lora*, 850 A.2d 109, 111 (R.I.2004). *See also LaFerrier v. Turillo*, 692 A.2d 692, 692 (R.I.1997) (mem.) ("[T]he question of the materiality or relevancy of photographs is a matter of judicial discretion."). We will uphold the trial justice's ruling unless the trial justice clearly has abused his or her discretion and the evidence was "both prejudicial and irrelevant." *State v. Merida*, 960 A.2d 228, 234 (R.I.2008); *see also Boscia v. Sharples*, 860 A.2d 674, 678 (R.I.2004) ("Unless evidence is of limited or marginal

relevance and enormously prejudicial, the trial justice should not act to exclude it.") (quoting *Wells v. Uvex Winter Optical, Inc.*, 635 A.2d 1188, 1193 (R.I.1994)).

 The admissibility of evidence is guided largely by the Rhode Island Rules of Evidence. Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." As dictated by Rule 402, relevant evidence is generally admissible unless otherwise prohibited by law. Another limit on the general rule favoring the admission of relevant evidence provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403. These determinations are confided to the sound discretion of the trial justice. *Lora*, 850 A.2d at 111; *LaFerrier*, 692 A.2d at 692.

 In the case at bar, the trial justice admitted into evidence photographs of Norato's vehicle and defendant's vehicle, which were taken after the accident. In *LaFerrier*, 692 A.2d at 692, this Court was faced with a nearly identical issue. After a traffic accident, the defendant admitted liability, yet the jury returned a verdict awarding no damages to the plaintiff. *Id.* At trial, the trial justice had admitted into evidence photographs of the vehicles involved, which depicted very little visible damage. *Id.* This Court upheld the trial justice's determination, concluding that "the photographs were clearly probative on the issue of whether the accident caused plaintiff's injuries." *Id.* at 692–93. We further concluded that the plaintiff's objections to the photographs went "large-

ly to the evidentiary significance of the photographs rather than to their admissibility." *Id.* at 693. Similarly, in *Boscia*, a case with substantially similar facts to those in the instant matter, we concluded that the trial justice had abused her discretion in *excluding* photographs of the vehicles involved in a collision that depicted little visible damage. *Boscia*, 860 A.2d at 675–76, 678. Upon reviewing our rules of evidence, we held that the photographs were not "unduly prejudicial." *Id.* at 677.

After examining the record of the instant case, we conclude that the trial justice did not abuse her discretion in ruling that the photographs of the vehicles were relevant. The trial concerned a motor vehicle accident and the issue for the jury was the amount of damages to be awarded to plaintiffs based on the injuries suffered, if any. Photographs of the scene of the accident, and of the vehicles involved, certainly fall within the definition of relevant evidence as provided by Rule 401. Photographs depicting no damage to the vehicles indeed are relevant when determining the force of the impact during the collision. As the trial justice explained, these photographs "were part of the story" and they "complemented and supplemented the testimony" by supporting defendant's contention that this was a low-impact collision. In fact, photographs showing no damage to the parties' vehicles can be used to challenge plaintiffs' credibility on the issue of whether the collision caused their alleged injuries. Moreover, there was no objection by plaintiffs to the effect that these photographs failed to accurately depict the condition of the vehicles as they had appeared immediately after the accident.

Further, plaintiffs' argument that these photographs were unduly prejudicial is not persuasive. As we explained in *LaFerrier*, 692 A.2d at 693, plaintiffs' objections go to the weight, and not the admissibility, of the evidence. Indeed, plaintiffs' attorney had ample opportunity to cross-examine defendant with respect to the photographs and to present evidence as to the severity of plaintiffs' injuries.

■ The plaintiffs further argue that the photographs should not have been admitted absent expert testimony. These photographs depicted little or no damage to the vehicles. The plaintiffs maintain that the admission of these photographs into evidence was error because the photographs likely misled the jury into concluding that plaintiffs' injuries must not have been caused by such a low-impact accident. Relying on a Delaware case, plaintiffs assert that for these photographs to have been admitted properly, the trial justice should have permitted the testimony of an expert witness, who could have explained that substantial bodily injury nevertheless could result from a car accident with minimal property damage. *See Davis v. Maute*, 770 A.2d 36 (Del.2001).

In *Davis*, 770 A.2d at 40, the Delaware Supreme Court ruled that a party in a personal injury action could not argue that minimal property damage translated into minimal personal injury suffered by the plaintiff in the absence of accompanying expert testimony on that issue. The Court further decided that the trial justice erred in admitting photographs depicting little damage to the vehicles without providing a limiting instruction explaining that there was no correlation between the damage to the vehicles and the injuries suffered by the plaintiff. *Id.* at 42.

Although plaintiffs rely substantially on this Delaware case, we note that the Delaware Supreme Court expressly limited *Davis* to its facts in a subsequent case, decided three years later. *See Eskin v. Carden*, 842 A.2d 1222, 1233 (Del.2004) (rejecting the holding in *Davis* and concluding that the trial justice properly had

excluded expert testimony that would have addressed the relationship between the force of a collision and any resulting physical injuries). Indeed, courts in other jurisdictions largely have declined to adopt the ruling set forth in *Davis*. *See, e.g., Brennan v. Demello*, 191 N.J. 18, 921 A.2d 1110, 1120–21 (2007) (rejecting the holding in *Davis* and concluding that expert testimony is not required when a party seeks to admit into evidence photographs of a vehicle involved in a car accident when the extent of the plaintiff's injuries are at issue); *Mason v. Lynch*, 388 Md. 37, 878 A.2d 588, 598–601 (2005) (likewise rejecting *Davis* and ruling that the collision photographs could be admitted into evidence absence expert testimony). Accordingly, we conclude that plaintiffs' reliance on *Davis* is unavailing.

Furthermore, this Court's previous case law clearly explains that expert testimony is not required when admitting evidence of this nature. In *Boscia*, 860 A.2d at 678, we stated that "[t]his Court has never held that expert testimony is necessary to introduce into evidence photographs of vehicles damaged in a collision to prove causation of passengers' injuries. We decline to do so today." In keeping with our decision in *Boscia*, this Court once again declines to adopt a rule that would require expert testimony to accompany admission into evidence of photographs of vehicles that have been involved in a motor vehicle accident.

## B

### Motion for a New Trial

The plaintiffs argue that the trial justice erred in deciding not to grant their motion for a new trial. The plaintiffs provide two grounds that would, in their opinion, warrant a new trial. They argue that the jury's verdict was against the weight of the

evidence because liability was stipulated, yet the jury failed to award plaintiffs any damages. They also argue that the admission of the photographs of the vehicles into evidence was an error of law because these photographs caused the jury to conclude wrongly that plaintiffs were not entitled to any damages.

A trial justice's role, when deciding whether to grant or deny a motion for a new trial, is that of a so-called "superjuror." *Murray v. Bromley*, 945 A.2d 330, 333 (R.I.2008). "[T]he trial justice 'reviews the evidence, comments on the weight of the evidence and the credibility of the witnesses,' and exercises [his or] her independent judgment in either granting or denying a motion for a new trial." *Skene v. Beland*, 824 A.2d 489, 493 (R.I. 2003) (quoting *Saber v. Dan Angelone Chevrolet, Inc.*, 811 A.2d 644, 652 (R.I. 2002)). If, after conducting this analysis, "the trial justice concludes that the evidence is evenly balanced or that reasonable minds could differ on the verdict, she [or he] should not disturb the jury's decision." *Id.* A new trial can be ordered only if the trial justice decides that "the verdict is against the fair preponderance of the evidence." *Lieberman v. Bliss–Doris Realty Associates, L.P.*, 819 A.2d 666, 670 (R.I.2003) (quoting *Montecalvo v. Mandarelli*, 682 A.2d 918, 923 (R.I.1996)).

When this Court reviews a trial justice's ruling on a motion for a new trial, we apply an abuse of discretion standard. *See State v. Russell*, 950 A.2d 418, 433 (R.I.2008); *Bajakian v. Erinakes*, 880 A.2d 843, 851–52 (R.I.2005). Indeed, we have held that "a trial justice's ruling on a motion for new trial is entitled to great weight provided that he [or she] has 'articulated an adequate rationale for denying a motion.'" *State v. Cerda*, 957 A.2d 382, 385–86 (R.I.2008) (quoting *State v. Bergevine*, 942 A.2d 974, 981 (R.I.2008)). *See*

*also Murray,* 945 A.2d at 334 ("On appeal, this Court 'will affirm a trial justice's decision on a motion for a new trial as long as the trial justice conducts the appropriate analysis, does not overlook or misconceive material evidence, and is not otherwise clearly wrong.' ") (quoting *Morrocco v. Piccardi,* 674 A.2d 380, 382 (R.I.1996)).

 We will first address plaintiffs' contention that the jury verdict was against the weight of the evidence. In ruling on plaintiffs' motion for a new trial, the trial justice properly performed the role of a superjuror. She reviewed the evidence, commented on the weight of the evidence and the credibility of the witnesses, and exercised her independent judgment in ruling on plaintiffs' motion. *See Skene,* 824 A.2d at 493. Specifically, the trial justice noted that she "might have found that plaintiffs sustained minor injuries to their necks and backs" and she "may have awarded for their medical or chiropractic expenses and a small amount for the limited period of mild to moderate pain and suffering." However, she also noted that the jury had "acted reasonably in concluding that neither plaintiff was injured." She pointed out that plaintiffs had provided virtually identical accounts of their injuries as well as their treatment, thereby impliedly questioning their credibility; she noted, by contrast, that defendant proved to be a credible witness. In denying the motion for a new trial, the trial justice suggested that the jury may have believed that plaintiffs were trying to take advantage of defendant's mistake. We are of the opinion that the trial justice conducted the appropriate analysis and articulated an adequate rationale for denying the motion. Therefore, we will sustain the trial justice's denial of plaintiffs' motion for a new trial.

Finally, as we explained above, the trial justice did not abuse her discretion in ad-mitting into evidence photographs of the vehicles. Accordingly, we reject the plaintiffs' argument that the trial justice committed an error of law in admitting these photographs.

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.