**Supreme Court**

No. 2013-146-Appeal.
(PC 00-4170)

Roderick A. McGarry    :

    v.       :

Marilyn Pielech et al.    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Roderick A. McGarry       :

v.               :

Marilyn Pielech et al.       :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Flaherty, for the Court.** The plaintiff, Roderick A. McGarry, appeals from the denial of his motion for a new trial after a jury verdict entered in favor of the defendant, Marilyn Pielech, in her capacity as Treasurer and Finance Director of the Town of Cumberland (town), in a suit alleging age discrimination in hiring.[1] This case came before the Supreme Court for oral argument on October 29, 2014, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and we shall proceed to decide the appeal at this time, without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

---

[1] Ms. Pielech is now the sole defendant because the named individual members of the Cumberland School Committee were granted a judgment as a matter of law at the close of plaintiff's evidence, pursuant to Rule 50 of the Superior Court Rules of Civil Procedure. That ruling was not appealed to this Court.

# I

## Facts and Travel

In this appeal, we address the issues arising from the second trial of plaintiff's claim of age discrimination arising from the failure to hire him for one of two positions as an English teacher at Cumberland Middle School.[2] The first time these parties were before this Court, we affirmed the grant of a new trial for defendant, pursuant to Rule 59 of the Superior Court Rules of Civil Procedure, on the discrimination claim.[3] On remand to the Superior Court, plaintiff again litigated the claim of discrimination to a jury, but this time a verdict was returned in favor of defendant. After the verdict, the trial justice denied plaintiff's motion for a new trial. The plaintiff now appeals from the adverse jury verdict.

The events that give rise to the facts underlying plaintiff's one remaining claim took place more than fifteen years ago.[4] McGarry v. Pielech, 47 A.3d 271, 275-79 (R.I. 2012) (McGarry I). McGarry had been employed as a substitute teacher with the Cumberland school system during the 1997-1998 school year. In July 1998, plaintiff applied for two openings at Cumberland Middle School, both in the English department, for the 1998-1999 school year. The plaintiff was interviewed for both positions, but ultimately the town appointed other candidates. The various candidates, including plaintiff, were interviewed by a committee that consisted of

---

[2] The record notes the school is now called Joseph L. McCourt Middle School.

[3] For a complete recitation of the facts and evidence produced at the first trial, see McGarry v. Pielech, 47 A.3d 271, 275-79 (R.I. 2012) (McGarry I).

[4] At the first trial there had been two claims, one of discrimination and one of retaliation. McGarry I, 47 A.3d at 275. Originally, plaintiff received a favorable verdict on both claims. However, both verdicts were vacated when the trial justice granted Rule 50 judgments to the defendant, and in the alternative granted motions for a new trial pursuant to Rule 59 of the Superior Court Rules of Civil Procedure. On his first appeal, plaintiff did not contest the judgment, or the alternative grant of a new trial, as to the retaliation claim; therefore, this Court's decision addressed only the discrimination claim. McGarry I, 47 A.3d at 279 n.8. In that opinion, we vacated the Rule 50 judgment on the discrimination claim, but affirmed the Rule 59 grant of a new trial to defendant on the discrimination claim only. McGarry I, 47 A.3d at 286.

Joyce Hindle-Koutsogiane (Koutsogiane), the principal of the Middle School, and two teachers from the English department. At the interview, members of the committee took notes, rated each of the candidates' responses to a series of questions, and made other general observations that would be helpful in making the hiring decision. In August 1998, after he was not hired for either position, McGarry asked Ms. Koutsogiane for permission to review his personnel file. In his review, plaintiff discovered that there were no interview sheets from the July 1998 interview. No explanation has ever been offered by defendant as to why the interview sheets were not available.

After reviewing the file, plaintiff concluded that age discrimination was the explanation for the town's failure to hire him for one of the positions. At the time of his application, plaintiff was fifty-six years of age; the two candidates who were selected to fill the positions were less than forty years of age. The plaintiff had earned a degree from Providence College in 1968 and a master's degree in business from Bryant University in 1980.[5] Further, plaintiff was certified to teach a number of academic subjects, including English, social studies, and business. McGarry had taught in the town's school system previously, during the 1969-1970 school year, but he spent the next twenty-six years working in a variety of managerial positions in the trucking industry. Years later, plaintiff decided to reactivate his teaching certificate, and he began working again in the town as a substitute teacher in the spring of 1997. The following year, 1998, plaintiff began the application process during which he alleges the discrimination occurred.

In December 1998, McGarry took his claims to the Rhode Island Commission for Human Rights (commission), alleging that he was not hired for either of the two positions as a result of

---

[5] The first successful candidate had a college degree with specializations in writing and journalism. The second successful candidate had a master's degree in teaching.

age discrimination. On June 27, 2000, the commission gave McGarry a notice of a right to sue, pursuant to G.L. 1956 § 28-5-24.1(a), allowing him to file a complaint in Superior Court. On August 8, 2000, plaintiff filed suit against the town and the individual members of the school committee. The suit alleged two pertinent claims: age discrimination in violation of the Rhode Island Civil Rights Act, G.L. 1956 § 42-112-1, and the Rhode Island Fair Employment Practices Act, G.L. 1956 § chapter 5 of title 28, and retaliation based on the same. A trial commenced on the claims in February of 2010 and it featured the testimony of plaintiff, Ms. Koutsogiane, and several other officials in the Cumberland school system. When plaintiff testified, he admitted he had no direct evidence that he was a victim of age discrimination. The missing interview notes were addressed in the testimony of Ms. Koutsogiane, Mr. Joseph M. Nasif, Jr., the superintendent of schools from 1996 to 2005, and Mr. Roger Parent, a former principal who was familiar with the interview process. However, no witness could explain why the interview sheets were missing from plaintiff's file and accordingly, the judge gave the jury an instruction on spoliation of the evidence.[6] On February 24, 2010, a verdict was returned for plaintiff on both counts; the jury awarded $329,814.18 in damages. However, upon motion by defendant, the verdicts were vacated and a judgment as a matter of law, in accordance with Rule 50 of the Superior Court Rules of Civil Procedure, was entered for defendant on both counts. Alternatively, the trial justice granted defendant's motions for a new trial, premised on Rule 59, on both claims.

McGarry appealed the trial justice's ruling to this Court, but in his appeal, with respect to the retaliation claim, he failed to address either the Rule 50 judgment entered for defendant or

---

[6] The judge found that it was a regular practice to draft and use these interview sheets as part of the hiring process and that, at the time of trial, the school department could not locate these documents. The trial justice told the jury that they "may infer that the missing evidence would have been unfavorable to the position of the defendant."

the Rule 59 grant of a new trial. This Court vacated the trial justice's Rule 50 finding on the discrimination claim that was before it, but we affirmed the Rule 59 grant of a new trial on that one claim. On remand, plaintiff had a second jury trial before a different justice of the Superior Court. That trial commenced with pretrial motions on December 6, 2012.

On that day, several issues were addressed. The first was the retaliation claim, which plaintiff's attorney conceded was no longer viable, stating on the record "[w]e never challenged that in the Supreme Court, so there's not much more I can say about whether or not the 1999 retaliation claim survives." The trial justice agreed, ruling that that claim "will not be going to the jury here." Second, defendant moved to exclude certain testimony about a July 26, 1999, letter the town's counsel penned in opposition to plaintiff's original filing with the commission in 1998. The trial justice allowed plaintiff to testify at the hearing on the motion in limine before she ruled on the letter's admissibility. In his testimony, plaintiff disputed certain allegations that were made in the letter, specifically that he had made a verbal outburst at a school committee meeting after he learned that he would not be appointed to a business teaching position in the 1997-1998 academic year. The letter further contained an erroneous statement that plaintiff was not certified to teach English at the time of the 1998 decision on hiring an English teacher. In ruling on the motion, the trial justice deemed the letter to be inadmissible, except for the limited purpose of showing the false statement about plaintiff's teaching certificate. The judge said that she believed the remaining contested portions, which concerned plaintiff's decreasing use as a substitute teacher and the 1997 teaching position, were not in issue, and were not sufficiently probative on the age-discrimination claim before the jury. The trial justice reasoned that any possible relevance that the outburst at the school committee meeting might have was

substantially outweighed by the danger of confusing the issues and misleading the jury, and therefore she excluded the majority of the letter.

On December 10, 2012, the trial began. On the second day, Ms. Koutsogiane testified about the hiring process and the use of the interview notes, which she referred to as rating sheets. She explained that the rating sheets were used to foster discussion between the interviewers after each interview. She further testified that at the conclusion of the interview process, the committee selected its top three candidates and then "sen[t] those three with our recommendations up to the Superintendent's Office." During trial, plaintiff indicated that he would seek a jury instruction that, because defendant failed to preserve the records from the 1998 interview, there had been a violation of a federal regulation, 29 C.F.R. § 1602.14 (2012),[7] as well as G.L. 1956 § 28-6.4-1.[8] The trial justice addressed the requested instructions before Superintendent Nasif testified because she presumed her ruling would impact plaintiff's questioning of him. The trial justice refused to offer a specific instruction to the jury, as plaintiff had requested, because she found the two laws inapplicable to plaintiff's case. Citing the

_____

[7] The regulation is published by the Equal Employment Opportunity Commission (EEOC) under the powers delegated to it by federal labor laws. See 29 C.F.R. § 1602.1 (2012) (listing the purpose and scope of the record-keeping regulations). The regulation states in relevant part:

> "Where a charge of discrimination has been filed * * * against an employer under title VII, the [Americans with Disabilities Act], or [Genetic Information Nondiscrimination Act], the respondent employer shall preserve all personnel records relevant to the charge or action until final disposition of the charge or the action." Id. § 1602.14 at 176.

[8] If given proper notice, employers are required by this statute to allow their employees to inspect their personnel files, except:

> "This section does not apply to records of an employee relating to the investigation of a possible criminal offense or records prepared for use in any civil, criminal, or grievance proceedings, any letter of reference, recommendations, managerial records kept or used only by the employer, confidential reports from previous employers, and managerial planning records." G.L. 1956 § 28-6.4-1(a)(4).

language of the regulation, the trial justice ruled that because plaintiff's claim was not "filed against an employer under [T]itle VII or the [Americans with Disabilities Act]," 29 C.F.R. § 1602.14 did not apply because it was meant to apply to only those "particular acts."[9] Further, the Rhode Island statute, § 28-6.4-1, did not apply because the interview notes were similar to "letters of reference and recommendations," which are exempt from the requirement concerning the inspection of records. However, when she instructed the jury, the trial justice did include the standard spoliation instruction with regard to the missing interview notes.

On December 13, 2012, the jury returned a verdict for defendant. The plaintiff filed a motion for a new trial, which the trial justice denied. The plaintiff made a timely appeal to this Court.

## II

### Standard of Review

This Court has held that "the admissibility of evidence is a decision within the sound discretion of the trial justice." State v. Dubois, 36 A.3d 191, 199 (R.I. 2012) (citing State v. Merida, 960 A.2d 228, 237 (R.I. 2008)). Thus, we will affirm the hearing justice's decision unless he or she has not properly exercised that discretion. Id. When considering proposed jury instructions, the hearing justice has a duty to ensure that the instruction given to the jury "adequately cover[s] the law" the jury must consider to decide the case. State v. Long, 61 A.3d 439, 445 (R.I. 2013) (quoting State v. Cardona, 969 A.2d 667, 674 (R.I. 2009)). We review such instructions, and objections thereto, to ensure that "the jury charge 'sufficiently addresses the

---

[9] The term "Title VII," referenced by the trial justice comes from the language of the regulation itself and refers to the equal employment opportunities provisions of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §§ 2000e through 2000e-17. See 29 C.F.R. § 1602.01 (defining scope of the regulation plaintiff cites). Title VII prohibits discrimination in employment on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2.

requested instructions and correctly states the applicable law.'" Id. (quoting State v. Sivo, 925 A.2d 901, 913 (R.I. 2007)). Mixed questions of law and fact are reviewed with a similar deference to that given to findings of fact; they will not be disturbed absent a showing that the trial justice overlooked or misconceived material evidence. Casco Indemnity Co. v. O'Connor, 755 A.2d 779, 782 (R.I. 2000) (citing Wickes Asset Management, Inc. v. Dupuis, 679 A.2d 314, 317 (R.I. 1996)).

Further, this Court need only address issues presented to it and we expect if not "demand that the briefs before us will contain all the arguments that the parties wish us to consider * * * ." Estate of Meller v. Adolf Meller Co., 554 A.2d 648, 654 (R.I. 1989). Article I, Rule 16(a) of the Supreme Court Rules of Appellate Procedure explicitly states that "[e]rrors not claimed, questions not raised and points not made ordinarily will be treated as waived * * * ." Even when a party has properly preserved its alleged error of law in the lower court, a failure to raise and develop it in its briefs constitutes a waiver of that issue on appeal and in proceedings on remand. See Bowen Court Associates v. Ernst & Young, LLP, 818 A.2d 721, 728 (R.I. 2003) (citing Roe v. Gelineau, 794 A.2d 476, 482 n.6 (R.I. 2002)); see also David A. Wollin, Rhode Island Appellate Procedure § 16:6 (West 2004) ("[t]he waiver is effective for purposes of the appeal at issue and throughout any future proceedings after the case is remanded").

## III

### Discussion

On appeal, plaintiff advances three arguments. First, plaintiff argues that the trial justice's decision to disallow questioning on portions of the July 26, 1999, letter from defendant's counsel to the commission was error. Second, he urges that the trial justice's refusal to impart a jury instruction on a federal regulation and a state statute misconstrued the law.

Lastly, plaintiff contends that the judge erred in not allowing him to present evidence of his retaliation claim. We conclude that these arguments lack merit and we will address them in turn.

## A. Preclusion of the 1999 Letter

Questions on admission of evidence are rightly settled by the trial justice. Rule 104(a) of the Rhode Island Rules of Evidence ("the admissibility of evidence shall be determined by the court"). When exercising this authority, the trial justice has broad discretion and will not be determined to be in error if he or she properly exercises that discretion. See Dubois, 36 A.3d at 199. A trial justice may properly exclude evidence, although relevant on some point, if its probative value is substantially outweighed by the risk of confusing the issues before the jury. See Rule 403 of the Rhode Island Rules of Evidence ("evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury"); Accetta v. Provencal, 962 A.2d 56, 60 (R.I. 2009) (reciting the process for admission of evidence). The plaintiff claims that there was error occasioned by the failure to admit the 1999 letter from defendant's counsel to the commission as well as by the trial justice's refusal to allow him to question witnesses about the letter. The trial justice did allow plaintiff to address the factual inaccuracy in the letter pertaining to his teaching certificate, and plaintiff did do so at trial. What the trial justice did not allow were the statements in the letter about the school department's declining use of plaintiff as a substitute teacher, the alleged outburst at the school committee meeting, and a 1997 business teacher position that was not in issue in the discrimination claim.

The plaintiff argued that the letter was relevant because it evidenced the shifting rationales that defendant had for not hiring him for either of the two English teacher positions, thereby demonstrating that defendant's reasons were a mere pretext for age discrimination.

However, the trial justice decided that any probative value those portions of the letter would have for this purpose was outweighed by the risk of confusion of the issues and thus it had the potential to mislead the jury. It is significant that the jury in plaintiff's second trial was deciding only the discrimination claim for the 1998 teaching vacancies. After a review of the record, it is our opinion that the trial justice was within the bounds of her discretion when she excluded the letter from the jury's consideration at plaintiff's trial, and we will not disturb her decision.

### B. Jury Instruction on 29 C.F.R. § 1602.14 and § 28-6.4-1

A trial justice has the duty to ensure that the charge she gives to the jury appropriately states the applicable law in the case before it. Long, 61 A.3d at 445. Here, McGarry asked the trial justice to instruct the jury on two pieces of legislation, both of which the judge found to be inapplicable. The first was 29 C.F.R. § 1602.14, a federal regulation promulgated to require employers to adhere to the record-keeping requirements of Title VII, the Americans with Disabilities Act (ADA), and the Genetic Information Nondiscrimination Act (GINA). See 29 C.F.R. § 1602.1 (defining the purpose and scope of the record-keeping regulations). The second was § 28-6.4-1, which pertains to the records an employer must allow an employee to inspect. See chapter 6.4 of title 28.

The trial justice determined that the facts of the case before the jury did not warrant an instruction on either enactment because neither was germane to the claim in dispute. The trial justice noted that the federal regulation and the section in which it was found "was promulgated to aid in the enforcement of particular acts." Those legislative enactments, she noted, were expressed in 29 C.F.R. § 1602.14, as Title VII, the ADA, and GINA, and plaintiff's claim did not involve any of them. The plaintiff's suit advanced state law claims only.

The trial justice determined that § 28-6.4-1 did not apply because the interview notes in question were not the types of documents that an employee has a statutory right to inspect. Rather, she found that they were akin to "letters of reference and recommendations," which the statute exempts. Ms. Koutsogiane testified that the purpose of the interview rating sheets was to assist the committee in making its recommendation to the superintendent, not to make the ultimate decision of whom to hire. The trial justice concluded that the interview rating sheets were "not a record having to do with hiring. These are notations." The trial justice allowed the jury to consider the fact that the rating sheets were missing, by way of a spoliation instruction, but she declined to instruct on the Rhode Island statute, reasoning that it did not apply to this type of document. We see no error in the trial justice's determinations.

### C. Preclusion of Retaliation Claim

This Court strongly adheres to its "waive-or-raise" rule that requires parties to raise allegations of error in the lower court and argue the issue in their briefs on appeal. Rule 16(a) ("questions not raised and points not made ordinarily will be treated as waived"); Bowen Court Associates, 818 A.2d at 728. The plaintiff's first trial included a claim for retaliation, in addition to the claim for age discrimination. At the conclusion of the first trial, the trial justice wrote a decision addressing both claims, and he granted the defendant a judgment as a matter of law explicitly on "[the] [p]laintiff's age discrimination and retaliation claims." In the alternative, the trial justice granted the defendant's motions for a new trial, also on both claims. In the plaintiff's first appeal to this Court, he did not raise or argue either the Rule 50 judgment granted to the defendant or the Rule 59 grant of a new trial with respect to his claim of retaliation. McGarry I, 47 A.3d at 276 n.4 ("[o]n appeal, plaintiff did not pursue his retaliation claim"). Considering the nature of the first trial justice's plainly unambiguous conclusion, it is our opinion that the

plaintiff should have known that he would be required to pursue his retaliation claim on appeal or it would be waived. See Estate of Meller, 554 A.2d at 654 (this Court expects that "the briefs before us will contain all the arguments that the parties wish us to consider"). Indeed, at a pretrial hearing in advance of the plaintiff's second trial, his counsel conceded, "[w]e never challenged that in the Supreme Court." The second trial justice, relying on this Court's mandate, correctly prohibited any evidence on the retaliation claim because it would unnecessarily confuse the issues before the jury. See Rule 403. We agree, and this Court is satisfied that the justice's ruling complied with our mandate in McGarry I. 47 A.3d at 286.

## IV

## Conclusion

For the reasons stated in this opinion, we affirm the judgment of the Superior Court and remand the record thereto.

- 12 -



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**     Roderick A. McGarry v. Marilyn Pielech et al.

**CASE NO:**     No. 2013-146-M.P.
(PC 00-4170)

**COURT:**     Supreme Court

**DATE OPINION FILED:**  January 14, 2015

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

     Associate Justice Kristin E. Rodgers

**ATTORNEYS ON APPEAL:**

     For Plaintiff:  William T. Murphy, Esq.

     For Defendant:  Marc DeSisto, Esq.