**Supreme Court**
No. 2015-268-Appeal

Richard Wills           :

v.               :

Clinton G. Cox et al.        :

**O R D E R**

Clinton G. Cox appeals from a Superior Court order denying both his motion to vacate a foreign judgment pursuant to Rule 60 of the Superior Court Rules of Civil Procedure and his motion to stay entry of the foreign judgment pursuant to Rule 62 of the Superior Court Rules of Civil Procedure. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the order of the Superior Court.

In 2011, Cox retained the legal services of Attorney Richard Wills to probate the estate of his deceased grandfather, Garland L. Cox, in the state of Washington. A dispute arose over the terms of their fee agreement, and Wills obtained a default judgment in his favor in the King County Superior Court, in the state of Washington. An amended judgment was entered on August 1, 2014, awarding Wills fees and costs, which he then sought to enforce in Rhode Island. An execution was issued on October 3, 2014, by the Rhode Island Superior Court in the amount of $18,035.99, which was returned unsatisfied. On February 25, 2015, Cox was served with a citation in supplementary proceedings. Cox then filed a motion to stay entry of the foreign

judgment and a motion to vacate the foreign judgment in the Rhode Island Superior Court. In his memorandum in support of his motions, Cox argued that the state of Washington Superior Court lacked the requisite personal jurisdiction over him. On May 8, 2015, a Rhode Island Superior Court justice held a hearing on both motions and, on June 8, 2015, the Superior Court issued an order denying both motions. Thereafter, Cox filed a timely notice of appeal with this Court.

An appeal from a denial of a motion to vacate a judgment as void pursuant to Rule 60(b)(4) is reviewed de novo. In re Quigley, 21 A.3d 393, 398 (R.I. 2011) (citing Nisenzon v. Sadowski, 689 A.2d 1037, 1047 (R.I. 1997)). A motion to vacate in accordance with Rule 60(b)(4) is "not addressed to the discretion of the Superior Court justice because '[a] judgment is either valid or it is not and discretion plays no part in resolving the issue.'" Id. (quoting Nisenzon, 689 A.2d at 1047).

Mr. Cox, who appears before this Court pro se, did not file a Rule 12A Statement with this Court setting forth "a summary of the issues proposed to be argued." Instead, he submitted an affidavit in "Support of his Motion to Set Aside Enforcement of the Foreign Judgment Pursuant to Rule 60." He does not argue any specific error on the part of the hearing justice, nor does he cite any supporting case law or provide a meaningful discussion of the jurisdictional issue. Although the presence or lack of personal jurisdiction was the only argument raised in the Superior Court, no such argument has been properly raised on appeal to this Court. Therefore, the jurisdictional argument raised at the Superior Court is waived. See Barbato v. Paul Revere Life Insurance Co., 794 A.2d 470, 473 (R.I. 2002) ("issues raised at trial but not briefed on appeal are deemed waived") (citing Superior Group Ventures, Inc. v. Apollo II Sign Corp., 712 A.2d 359, 360 (R.I. 1998)).

Even if Cox had properly raised a jurisdictional argument with this Court, the argument would be without merit. The agreement between the parties included a forum selection clause specifying King County, Washington, as the venue for any action thereunder. Moreover, Cox availed himself of the protection of Washington's laws by opening a probate estate in Washington, distributing proceeds of the estate, and retaining a Washington realtor to sell real property in Washington. Accordingly, this Court affirms the order of the Superior Court and remands the papers thereto.

Entered as an Order of this Court this 10th day of November, 2016.

By Order,


_____/s/_____
Clerk


Justice Goldberg did not participate.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**     Richard Wills v. Clinton G. Cox et al.

**CASE NO:**     No. 2015-268-Appeal.
(WC 14-508)

**COURT:**     Supreme Court

**DATE ORDER FILED:**     November 10, 2016

**JUSTICES:**     Suttell, C.J., Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     N/A – Court Order

**SOURCE OF APPEAL:**     Washington County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Kristin E. Rodgers

**ATTORNEYS ON APPEAL:**

For Plaintiff:   John F. Killoy, Jr.

For Defendant:   Clinton G. Cox, Pro Se